Township of Chester, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued April 1, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Peter J. Nolan,* for appellant.

*Michael L. Brint,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 26, 1975:

The Commonwealth of Pennsylvania (Commonwealth) proposes to build a connecting road between I-95, a major highway, and the 9th Street approach to the new Commodore Barry bridge, connecting Chester, Pennsylvania, and Bridgeport, New Jersey. Chester Township (Township), condemnee, owns and operates a public housing complex containing 150 housing units with 300 bedrooms in the area of the proposed construction. The Commonwealth filed its Declaration of Taking by which a portion of the Chester Township housing project was condemned to provide ramps to the bridge.

On July 31, 1973, the Commonwealth filed its Declaration of Taking. The Township, on August 29, 1973, filed preliminary objections to the power and authority of the Commonwealth to condemn, alleging that the method of appraisal that condemnor used to determine damages violated the constitutional rights of the condemnee because it failed to provide just compensation under the 5th Amendment of the U.S. Constitution, and Article I, Section 10, of the Pennsylvania Constitution.

The Commonwealth filed a reply and an answer to the preliminary objections maintaining that the procedure used by the condemnor to estimate just compensation does not affect the right or power to condemn, and, that preliminary objections may not be used to challenge the estimate of just compensation. By stipulation of record, the Commonwealth acknowledged that it used the fair market value method in arriving at its estimate of just compensation, and did not use the cost of replacement or substitute housing method.

Argument, on the original preliminary objections, was heard on December 7, 1973. Pursuant to a suggestion of the Court, the parties attempted to enter into a stipulation which would have provided an expeditious resolution to the legal problem of just compensation. However, on January 4, 1974, the Commonwealth informed the Court that it could not enter into the proposed stipulation. Thereafter, the parties met on several occasions in an effort to reconcile their differences, and the Court was requested to withhold its ruling pending some amicable solution.

On February 11, 1974, the Township filed a petition seeking leave to file additional preliminary objections because of an alleged change of position by the Commonwealth. The Commonwealth in its answer February 21, 1974, denied a change of position, as alleged.

In April of 1974, the Township requested a hearing on the factual issues raised in its petition of February 11th. The Court fixed May 10, 1974, as the date for the hearing. After hearing, the Court permitted the Township to file additional objections, which it did on May 31, 1974. On June 17, 1974, the Commonwealth filed its answer denying any change of position by it. Prior to the taking, the parties attempted to reach damages agreement. The Township submitted its estimate of damages on the basis of the cost of construction of substitute facilities in the sum of $992,137.90 while the Commonwealth offered $137,700.00 as fair market value damages.

After argument before the court below, all issues raised by the original and additional preliminary objections were dismissed, and this appeal followed.

The Township, as Appellant, presents two issues for our determination:

1. Are preliminary objections the proper method by which one raises issues dealing with the proper appraisal method used by a condemnor in determining just compensation?

2. In order to meet its constitutional requirement for just compensation, must a condemnor in taking municipal land, use the cost of replacement method of appraisal?

We go first to the challenge of just compensation by preliminary objection. Initially, we mention that the court below dismissed the additional preliminary objections of the Township, by stating that the record made at the hearing did not support a finding of change by the Commonwealth. In passing, we observe that it might well be argued that there was an additional reason for dismissing these objections. Section 406(c) of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, 26 P.S. §1-406(c) states, "[a]ll preliminary objections shall be raised at one time and in one pleading. They may be inconsistent." It is evident that the court below in this case allowed and ruled on "additional" preliminary objections. We think the court acted within its sound discretion in permitting the objection to be raised, since the objection dealt with a *possible change of the taking* necessitating by its nature preliminary disposition.

The preliminary objections with which we are to be concerned are those which were filed on August 31, 1973, in which the Township objected to the *power and authority* of the Commonwealth to condemn because it had not provided for just compensation. Section 406(a), 26 P.S. §1-406(a) gives the condemnee the opportunity to make four challenges to the declaration of taking. Challenge may be made to, "(1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking."

In the instant case, although the preliminary objections in issue are couched in terms of *power and right to condemn*, the Township is in reality challenging the *sufficiency of compensation offered* when possession is demanded. Moreover, the Township cannot rely on the

procedural section of Section 406 (a) as no true procedural defect is alleged or is present. And so, Section 406 preliminary objections are not available to this condemnee who is challenging the estimated just compensation to be tendered prior to the delivery of possession.

Judge DEFURIA, below, correctly characterized the posture of this case when he wrote, "This Court, thus, is faced with:

"1. Restrictions on the use of preliminary objections which do not permit court intercession on the question of tender of estimated just compensation.

"2. A premature objection on the issue of possession since possession has not yet been demanded by the condemnor."

The simple fact is that the Township seeks too full a disposition too early in the proceedings by attempting to invalidate the entire taking on compensation grounds. The Township argues that our decision in *Redevelopment Authority v. Yee Kai Teung*, 5 Pa. Commonwealth Ct. 65, 289 A. 2d 498 (1972) supports the contention that a preliminary ruling may be made as to appraisal technique.

In *Yee Kai Teung, supra*, after the filing of Declaration of Taking, the condemnee refused the offer of compensation, whereupon the condemnor requested a rule for possession to issue. The rule was issued, an answer filed, and a hearing was convened on the rule, whereupon the rule was dismissed on grounds that just compensation had been offered because the appraisal method of Assembled Industrial Plant should have been used. Exceptions were then filed and withdrawn. Condemnor subsequently tendered a higher estimate of value based on the proper appraisal method and the rule for possession was made obsolete.

It is true that in *Teung* a preliminary ruling as to just compensation and proper appraisal technique was made, but it was based upon the procedural device of a

rule, as enunciated by Section 407, 26 P.S. §1-407 and not by preliminary objection pursuant to Section 406, 26 P.S. §1-406.

The issue in this case is the propriety of challenging estimated just compensation by way of preliminary objection prior to a demand by the condemnor for possession. Although the question of tender of compensation by the condemnor, in and of itself, as a basis for possession, and the attendant challenge to the sufficiency of compensation is a presently undecided and somewhat troubling area in Eminent Domain, *see* Snitzer, *Pennsylvania Eminent Domain,* §402(a)(5), 402(a)(6), it is clear that Section 406, 26 P.S. §1-406 preliminary objections are not the proper procedural device to mount such a challenge. Equally clear is that if such a challenge is to be made at all pursuant to Section 407, 26 P.S. §1-407, a demand of possession must be made. The condemnee should have had some inclination of the impropriety of his preliminary objections in light of the comment of the Joint State Government Commission, Section 407, 26 P.S. §1-407 which states, "[t]his section changes the existing law which generally does not require any payment by the condemnor until final award or judgment and which generally entitles the condemnor to possession upon the filing of security. The purpose of this section is to prevent hardship which occurs in many cases when the condemnor takes possession and the condemnee, *who is not satisfied with the offer of the condemnor, must give up possession and relocate elsewhere.* In such cases, the condemnee may have difficulty in obtaining other property because of lack of funds."

Due to the nature of the objection in this case, and the absence of demand of possession by the condemnor, we do not reach the applicability of Section 407, 26 P.S. §1-407 to this proceeding and the attendant unanswered procedural complexities surrounding the invocation of that section. *See* Snitzer, *supra,* §402(a)(5).

Here, the use of preliminary objections must serve as the basis for sustaining the lower court's rule in dismissing the preliminary objections.

Having concluded that the challenge to estimated just compensation by preliminary objection was improper, we must hold that the question of proper appraisal method, being raised by preliminary objection, was improperly before the court below and so we affirm the propriety of the ruling of the Court of Common Pleas of Delaware County wherein it dismissed preliminary objections.