Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Carl L. Schodde et al., Appellees.

Argued May 6, 1981, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Michael J. Creighton,* Special Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel — Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*William P. Bresnahan, O'Donnell, Bresnahan, Caputo and Capristo,* for appellees.

Opinion by Judge Blatt, August 5, 1981:

The Pennsylvania Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Allegheny County which sustained the appellees' preliminary objections to declarations of taking filed by DOT.

On June 25, 1976, in order to provide for the construction of a limited access highway, DOT filed declarations of taking to condemn two properties owned by the appellees. On July 20, 1976, the appellees filed preliminary objections alleging that the proper owner of the property was not listed and, on July 26, 1976, after retaining new counsel, the appellees filed amended preliminary objections alleging that a de facto taking of the two properties here concerned had occurred in 1972 and 1973. Subsequently, a hearing was held and the court below sustained the amended preliminary objections, found that there had been a de facto taking of the properties and voided DOT's declarations of taking. This appeal followed.[1]

DOT contends that under Section 406(c) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-406(c),[2] all pre-

---

[1] The appellees' original preliminary objections were not pursued and no argument has been made that the substance of those objections would have any bearing on this appeal.

[2] Section 406 of the Eminent Domain Code provides:

(a) Within thirty days after being served with notice of condemnation, the condemnee may file preliminary ob-

liminary objections must be raised at one time or be waived and that the appellees' amended preliminary objections must therefore be overruled because they were not simultaneously raised with the intitial preliminary objections.

Section 406 of the Eminent Domain Code is a legislative pronouncement providing that the filing of preliminary objections is the exclusive procedure for challenging a declaration of taking and that such preliminary objections are the appropriate means for resolving legal and factual issues involving a de facto taking.

jections to the declaration of taking. The court upon cause shown may extend the time for filing preliminary objections. Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof.

(b) Preliminary objections shall state specifically the grounds relied upon.

(c) All preliminary objections shall be raised at one time and in one pleading. They may be inconsistent.

(d) The condemnee shall serve a copy of the preliminary objections on the condemnor within seventy-two hours after filing the same.

(e) The court shall determine promptly all preliminary objections and make such preliminary and final orders and decrees as justice shall require, including the revesting of title. If preliminary objections are finally sustained, which have the effect of finally terminating the condemnation, the condemnee shall be entitled to damages as if the condemnation has been revoked under section 408, to be assessed as therein provided. If an issue of fact is raised, the court shall take evidence by depositions or otherwise. The court may allow amendment or direct the filing of a more specific declaration of taking.

*Perfection Plastics, Inc. Appeal*, 28 Pa. Commonwealth Ct. 396, 368 A.2d 917 (1977); *Nelis v. Redevelopment Authority of Allegheny County*, 4 Pa. Commonwealth Ct. 533, 287 A.2d 880 (1972). The comment following Section 406 reveals that it is based upon Pa. R.C.P. No. 1028, and our Supreme Court has held that procedural rules such as this which requires that all preliminary objections must be raised at one time, are not ends in themselves and that they must be construed to promote the administration of justice. *Yentzer v. Taylor Wine Co.*, 409 Pa. 338, 186 A.2d 396 (1962). In such regard, a court has the discretion to allow an amendment of preliminary objections in the absence of an error of law or prejudice to the adverse party. *Yentzer v. Taylor Wine Co., supra.*

We believe that, under the facts of this case, a strict application of Section 406(c) would not serve the adminsitration of justice. There is no dispute that the amended preliminary objections here were filed within the 30-day requirement of Section 406(a) of the Eminent Domain Code, 26 P.S. §1-406(a), and DOT has not demonstrated that it was in any way prejudiced by the one-week delay between the filings of the two sets of objections. Furthermore, this Court has previously acknowledged that a certain amount of discretion is vested in a court to permit additional preliminary objections to be filed under Section 406, *Township of Chester v. Department of Transportation*, 20 Pa. Commonwealth Ct. 60, 339 A.2d 892 (1975), and we do not believe, in light of the above factors, that the lower court in this case abused its discretion by permitting the appellees to amend their preliminary objections. *See also Lower Dauphin School District Condemnation Case*, 97 Dauph. 41 (1974).

Having resolved this procedural issue, we turn now to DOT's alternative argument that a de facto taking did not occur here because its activities did not inter-

fere with the ability of the appellees to rent their property or deprive them of the use and enjoyment of it.

A de facto taking occurs when an entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his property, *Petition of Cornell Industrial Electric, Inc.*, 19 Pa. Commonwealth Ct. 599, 338 A.2d 752 (1975), and our scope of review is limited to determining whether or not the decision of the court below constituted an error of law and whether or not the findings of fact were supported by competent evidence. *Miller v. Redevelopment Authority of the City of Bethlehem*, 55 Pa. Commonwealth Ct. 612, 423 A.2d 1354 (1980).

The appellees allege that a de facto taking occurred based upon the following facts: (1) DOT told one of the tenants of the property that he should move out because the property was to be condemned; (2) between 1971 and 1977, DOT paid moving expenses and relocation benefits to that tenant and to a number of other lessees after they moved from the premises; (3) the appellees lost rental income due to DOT's actions; (4) the remaining rental income was insufficient to cover the taxes on the property; and (5) the premises deteriorated due to the conduct of replacement tenants.

Our review of the record reveals that conflicting testimony was presented as to factual allegations of the appellees. Unfortunately, the order of the lower court states only that a de facto taking occurred "by reason inter alia of the action of the Commonwealth in paying relocation and moving expenses to the tenants of the condemnes [*sic*] upon their quitting the subject premises...." We would agree that DOT's payment of such expenses would be relevant to determining whether or not a de facto taking took place, but we do not believe that a finding as to such action is sufficient in and of itself to establish that the property was

so damaged, injured or destroyed as to substantially deprive the owners of the beneficial use thereof. *See Conroy-Prugh Glass Co. v. Commonwealth*, 456 Pa. 384, 321 A.2d 598 (1974); *Reingold v. Urban Redevelopment Authority of Pittsburgh*, 20 Pa. Commonwealth Ct. 266, 341 A.2d 915 (1975); *Petition of Cornell Industrial Electric, Inc., supra.* Inasmuch as the lower court has failed to make sufficient findings of fact to allow proper judicial review, we must reverse the determination made below and we will remand the case in order that the lower court may make additional findings of fact and render a decision in conformity with this opinion. *Monaco v. Department of Transportation*, 26 Pa. Commonwealth Ct. 387, 363 A.2d 857 (1976).

ORDER

AND Now, this 5th day of August, 1981, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed and the record is remanded for disposition in accordance with the foregoing opinion.