**In Re: Condemnation by the Redevelopment Authority of the County of Dauphin of Certain Parcels of Real Estate In Middletown Borough, PA**

*Lee C. Swartz*, for Hammon and Bailey.
*Robert D. Honson*, for Redevelopment Authority.

MORGAN, *J.*, July 19, 1982 — On March 9, 1981 the Redevelopment Authority of Dauphin County filed a declaration of taking in connection with the Paul T. Leicht Urban Renewal Project in the Borough of Middletown. The land use plan for the project provided for an open space recreation area which requires acquisition and demolition of the Bailey and Hamman properties. Bailey and Hamman filed preliminary objections which we

need not discuss except to say that the principal complaints were that the finding of blight was unfounded and that the risk of flood damage to the subject properties did not warrant their demolition. The record utterly failed to support the preliminary objections and they were denied after hearing on October 13, 1981. An appeal was filed but was withdrawn December 15, 1981.

That's where the matter stood until May 20, 1981 when Bailey and Hamman filed Petitions for the filing of additional preliminary objections which after answer and briefing were denied on July 19, 1982. An appeal has been taken from that order and this opinion is filed as required by Pa.R.A.P. 1925.

We are familiar with the proposition advanced by Petitioners that we have a certain discretion to allow additional Preliminary Objections. Comm., Dept. of Transp. v. Schodde, Pa. Commw., 433 A.2d 143 (1981); Chester Township v. Commonwealth Department of Transportation, 20 Pa. Commw. Ct. 60, 339 A.2d 892 (1975). We are referred, however, to no case where additional preliminary objections were allowed after the initial objections had been disposed of. The need for prompt completion of public improvement projects and the provision for compensation to the condemnee raise a strong claim for the finality implied in the requirement that "all preliminary objections shall be raised at one time and in one pleading." (Act of June 22, 1964, P.L. 84, 6406, 26 P.S. §1-406(c) as amended). We do not thereby hold that the proceedings could not be opened for fraud or bad faith but neither do we accept the simple analogy suggested by petitioners that our discretion to allow additional preliminary objections should be exercised upon the same premises that we may grant a new trial upon after-discovered evidence. Indeed, even if we were to ac-

cept that proposition, petitioners could not prevail. Examination of the petition and briefs filed thereon, disclose that the only newly discovered evidence is that the projected water depth in the flood plain where the Bailey and Hamman properties are located would be two feet instead of six feet, and according to petitioners' own brief (See Exhibit "A", Re-evaluation of Paul T. Leicht Redevelopment Proposal by Direction Associates, Inc., Consultants to the Redevelopment Authority of Dauphin County) this would not have compelled a different result in the Plan and, in light of the multiple factors bearing on the demolition of the Bailey and Hamman properties, of which risk of flood damage was only one, it is not likely that it would compel a finding by us of administrative discretion arbitrarily or capriciously exercised.

Petitioners urge, in support of their position, that the Middletown Borough Counsel and its planning commission, which originally approved the plan, since the declaration of taking have indicated that they will not develop the open space for recreation and for this reason oppose the taking of the Bailey and Hamman properties. This may indeed be so but the persuasive effect of the curious about-face remains, at least at this point, a matter of politics not of law.

For the foregoing reasons, we entered the following

## ORDER

And now, July 19, 1982, the petitions of Jack E. Hamman and Mary Hamman, and Clifford Bailey, Jr. to file additional preliminary objections in the above matter are denied.