547 A.2d 867

In Re: Condemnation by the Commonwealth of Pennsylvania Department of Transportation of Right of Way for Legislative Route 146, Section 11S, in The Township of Exeter. Owners of Property: Nordhoy and Ramsey. Frode Nordhoy and Greg Ramsey, Co-Partners, Appellants.

Submitted on briefs May 18, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Alan I. Baskin, Baskin, Leisawitz, Heller & Abramowitch,* for appellant.

*Donna J. Campbell,* Assistant Counsel, with her, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE SMITH, September 22, 1988:

Appellants Frode Nordhoy and Greg Ramsey (Condemnees) appeal from a decision of the Court of Common Pleas of Berks County which dismissed Condemnees' preliminary objections to a declaration of taking filed by Commonwealth of Pennsylvania, Department of Transportation (DOT), under the Eminent Domain Code (Code)[1] and denied Condemnees' motion for sanctions against DOT for failure to answer interrogatories. Issues presented for review pertain to whether the trial judge abused his discretion, committed an error of law, or exhibited bias in favor of DOT in his rulings. The trial court is affirmed.

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101—1-903.

Condemnees own real property along Legislative Route 146, Section 11S in Exeter Township, Berks County, Pennsylvania. DOT filed a declaration of taking on July 16, 1986 pursuant to authorization of plans by the Secretary of Transportation for a local highway reconstruction project. Condemnees' property was one of three affected by the project. Preliminary objections to the declaration of taking were timely filed by Condemnees and written interrogatories served on DOT on or about October 17, 1986. By letter to Condemnees dated December 9, 1986, DOT refused to answer the interrogatories contending that they were improper under the Code and irrelevant to the preliminary objections. On January 14, 1987, Condemnees filed a petition for sanctions seeking costs and a compliance order to enforce their discovery request. DOT thereafter moved for an expedited hearing on Condemnees' preliminary objections. By order dated February 5, 1987, the newly assigned trial judge set February 20, 1987 for hearing on the preliminary objections and petition for sanctions. The Court, at hearing, found that the interrogatories were oriented to the issue of just compensation and concluded that DOT should ultimately answer but that they were irrelevant to a determination of the preliminary objections under Section 406 of the Code, 26 P.S. §1-406. The Court proceeded to hear the preliminary objections and concluded that they either exceeded the scope permitted under Section 406 or were not substantiated by the evidence. Hence, this appeal.

This Court's scope of review is to determine whether the trial court abused its discretion or committed an error of law or whether the findings of fact are supported by competent evidence.[2]

---

[2] *Middletown Township v. Baker*, 105 Pa. Commonwealth Ct. 1, 522 A.2d 1182 (1987).

The record indicates that the trial court reviewed each of Condemnees' interrogatories to determine whether the information sought was relevant or critical to the issues raised in the Condemnees' preliminary objections. Rulings were made as well regarding whether DOT should answer the interrogatories at a subsequent stage of the proceedings.[3]

Condemnees initially contend that the trial judge abused his discretion by not enforcing Condemnees' motion for sanctions. Sanctions may be imposed under Pa. R.C.P. No. 4019 which provides in pertinent part:

(a)(1) The Court may, on motion, make an appropriate order if

(i) a party fails to serve answers or objections to written interrogatories . . .

(2) A failure to act described in subdivision (a)(1) may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has filed an appropriate objection *or* has applied for a protective order. (Emphasis added.)

Imposition of sanctions is primarily within the sound discretion of the court. *See Gonzales v. Procaccio Brothers Trucking Company,* 268 Pa. Superior Ct. 245, 407 A.2d 1338 (1979). Sanctions are not customarily imposed absent willful disregard, disobedience of a court order, or an obligation expressly set forth in the Pennsylvania Rules of Civil Procedure. *Id.* This court finds no abuse of discretion by the trial court in denying the motion for sanctions.

---

[3] All of the interrogatories, except Nos. 22 and 23, were ordered to be answered by March 2, 1987, subsequent to hearing on the preliminary objections. The trial court found that interrogatories 22 and 23 required clarification and ruled that they were irrelevant to Condemnees' preliminary objections. Hearing of February 20, 1987, Session II, pp. 49-55.

Condemnees raised twenty-nine preliminary objections and conceded that interrogatories 1, 2, 8-12, and 19 bore no relevancy to their preliminary objections[4] while interrogatories 17, 21, and 24-26 relate to water flow and environmental impact studies which are not within the permissible scope of preliminary objections to a declaration of taking. *See Condemnation Route 58018 Appeal,* 31 Pa. Commonwealth Ct. 275, 375 A.2d 1364 (1977); *see also Condemnation Route 201 Appeal,* 22 Pa. Commonwealth Ct. 440, 349 A.2d 819 (1975). Further, interrogatories 27 and 28 request information attainable through comprehensive plans filed and recorded with the declaration of taking. Interrogatories 27 and 28 also relate in part to the issue of just compensation as do the remaining interrogatories,[5] this issue being improperly raised in preliminary objections to a declaration of taking. *See Township of Chester v. Department of Transportation,* 20 Pa. Commonwealth Ct. 60, 339 A.2d 892 (1975).

We also find unpersuasive Condemnees' argument that the trial judge abused his discretion in excusing DOT's failure to file an objection or apply for a protective order as mandated by Rule 4019. DOT, by letter, advised Condemnees of its objections to the interrogatories which was in accordance with Rule 4019. Accordingly, this Court finds no abuse of discretion or error of law committed by the trial court's refusal to order sanctions against DOT.[6]

---

[4] Hearing of February 20, 1987, Session II, pp. 29-31, 37, 44-45.

[5] Interrogatories 3-7, 13-16, 18, 20, 22-23, .and 29.

[6] Condemnees also argue that the Court's failure to enforce DOT's compliance with Condemnees' discovery request resulted from an error of law, *i.e.,* application of an erroneous standard for determining information available to a party under Pa. R.C.P. No. 4003.1 pertaining to the general scope of discovery. Condemnees,

Condemnees next contend that the trial court abused its discretion by requiring an expedited hearing on the preliminary objections and by later denying them. Preliminary objections, which must be decided promptly by the court, are the exclusive vehicle to challenge declarations of taking and are limited to Condemnor's power or right to condemn; sufficiency of the security; any other procedure followed by Condemnor; or the declaration of taking. *Bernstein Appeal,* 112 Pa. Commonwealth Ct. 368, 535 A.2d 1210 (1988); Sections 406(a) and 406(e) of the Code, 26 P.S. §§1-406(a), 406(e).

Condemnees' prelminiary objections also challenge Condemnor's alleged failure to include a plot plan under Section 405(c)(8) of the Code;[7] the taking of more land than necessary for the project; failure to adequately describe an area of channel taken and nature of taking; failure to adequately describe and differentiate mineral rights and surface access; and failure to include all of Condemnees' lands in the taking. Contrary to Condemnees' assertions, competent evidence exists in the record to support the trial court's determination that plot plans of Condemnees' entire property were not required but that the declaration of taking, as required, did indicate the plot in question, and that Condemnees

however, failed to present legal support for their position, particularly in view of Section 406(a) of the Code which governs preliminary objections to a declaration of taking and limits them to four specific categories. *See Hall v. The Middletown Township Delaware County Sewer Authority,* 75 Pa. Commonwealth Ct. 181, 461 A.2d 899 (1983). The trial court's ruling with respect to the interrogatories is therefore proper.

[7] 26 P.S. §1-405(c)(8) describes the contents of the notice to be given to the condemnee and provides for reasonable identification of the condemnee's property in the case of a total taking and a plot plan showing the condemnee's entire property and the area taken where a partial taking is effected.

failed to sustain their remaining objections. Hearing of February 20, 1987, Session II, pp. 114, 117, 124-127. Condemnees' final challenge that DOT failed to include all of Condemnees' property may improperly raise the issue of just compensation but nevertheless, Condemnees failed to develop testimony that Condemnor is required to include all of Condemnees' land in the taking.

Condemnees' final argument challenges the trial court's conduct throughout the proceedings as biased in favor of DOT. Initially, it should be noted that Condemnees raise this issue for the first time on appeal, although provided opportunity to move for recusal prior to the close of proceedings. Parties who seek a judge's recusal must make timely specific objections at hearing in order to preserve this issue for appeal. *See Reilly v. Southeastern Pennsylvania Transportation Authority,* 507 Pa. 204, 489 A.2d 1291 (1985). However, this Court finds no basis for Condemnees' contention as the trial judge followed the mandates of Section 406(e) of the Code requiring prompt determination of the preliminary objections. Further, the trial judge noted that Condemnees failed to adequately prepare for the hearing, relying exclusively upon their interrogatories and Commonwealth witnesses rather than studying the comprehensive documentation accessible to them as of February 12, 1986 or deposing witnesses. Hearing of February 20, 1987, Session I, pp. 11-15. Moreover, the February 5, 1987 order entered by the trial judge provided a February 17, 1987 deadline for requesting continuance of the scheduled hearing. Nonetheless, the trial court reviewed each of Condemnees' twenty-nine interrogatories as well as the preliminary objections and permitted Condemnees' counsel to question a Commonwealth employee. The trial judge's refusal to allow additional questioning of witnesses was prompted by his determination that Condemnees' preliminary objec-

tions were directed to the issue of just compensation. The record indicates to this Court that while the trial court may have been unduly critical of counsel for Condemnees, a fair hearing was granted during which the court ordered DOT to answer the interrogatories, albeit subsequent to the hearing.

Accordingly, neither an abuse of discretion nor error of law was committed by the trial court and the decision entered is therefore affirmed.

### ORDER

AND NOW, this 22nd day of September, 1988, the decision of the Court of Common Pleas of Berks County dated February 20, 1987 is affirmed.