In re **CONDEMNATION BY PENN TOWNSHIP, YORK COUNTY, OF RIGHT-OF-WAY AND EASEMENTS OVER, ACROSS AND THROUGH TRACTS OF LAND LOCATED IN PENN TOWNSHIP, YORK COUNTY,** Pennsylvania, Whose Owners are Woodrow B. Wilkens; Hormel Associates; Doubleday Book and Music Club, Inc.; Hanover Foods, Inc., f/k/a Hanover Brands, Inc.; L W SPP2, L.P.; Wareheim Enterprises, Inc., J.F. Rohrbaugh & Co., Inc.; Arwco Corporation; and the York County Industrial Development Authority.

Appeal of **DOUBLEDAY BOOK AND MUSIC CLUB, INC., Appellant.**

In re **CONDEMNATION BY PENN TOWNSHIP, YORK COUNTY, OF RIGHT-OF-WAY AND EASEMENTS OVER, ACROSS AND THROUGH TRACTS OF LAND LOCATED IN PENN TOWNSHIP, YORK COUNTY,** Pennsylvania, Whose Owners are Woodrow B. Wilkens; Hormel Associates; Doubleday Book and Music Club, Inc.;

Hanover Foods, Inc., f/k/a Hanover Brands, Inc.; L W SPP2, L.P.; Wareheim Enterprises, Inc., J.F. Rohrbaugh & Co., Inc.; Arwco Corporation; and the York County Industrial Development Authority.

**Appeal of HANOVER FOODS, INC., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1997.

Decided Nov. 18, 1997.

Mark S. Silver, Harrisburg, for appellants.

Walter A. Tilley, York, for appellee, Penn Township.

Before KELLEY and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

FLAHERTY, Judge.

Hanover Foods, Inc. (Hanover) and Doubleday Book and Music Club, Inc. (Doubleday), collectively Condemnees, appeal from an order of the Court of Common Pleas of York County (trial court) which dismissed their preliminary objections to the declaration of taking filed by Penn Township (Township). We affirm.

In 1990, six years before the Township filed the declaration of taking at issue, the Township adopted its comprehensive plan. The plan suggested numerous traffic improvement programs, including the improvement of Ridge and Wilson Avenues, which are located in the industrial district. Relative to Ridge Avenue, it was suggested that alignment be improved, shoulders upgraded and a signal installed. As to Wilson Avenue, it was also recommended that the Township improve the road alignment.

In April 1993, the Township commissioners (commissioners) sought to improve five roadways, including Ridge and Wilson Avenues. Eric Bortner (Bortner), the Township's engineer, estimated the design and construction costs for improvements to the five roads. Bortner estimated that the cost would be approximately $2,470,000. The Township thereafter adopted an ordinance approving a general obligation bond in the amount of $2.5 million to cover the cost of improvements to the roadways.

Herbert, Rowland and Grubic (HRG) was the successful bidder for purposes of planning, engineering and designing the five roadways. In making its proposal, HRG conformed to the Penn Township Subdivision and Land Development Ordinance (ordinance). HRG performed various traffic studies for the Ridge and Wilson Avenue projects and submitted several subsequent alignment proposals. During this time, it was determined that the bond proceeds would not cover the cost of improvements to all five

roadways. It was then decided to proceed with the improvements to Ridge and Wilson Avenues. The commissioners settled on a single alignment proposal which called for the widening of Ridge and Wilson Avenues from twenty to forty feet, and the installation of curbing and storm water drainage systems.

The commissioners thereafter hired B. Daniel Wagner (Wagner) to appraise the property which would be needed for the improvements. On April 17, 1996, based on the plan prepared by HRG, the Township filed declarations of taking to construct the improvements to Ridge and Wilson Avenues. The declarations of taking acquired parcels of real estate from nine property owners.

Condemnees filed preliminary objections in the trial court alleging that the Township's security was insufficient to fund the proposed taking and that the Township engaged in fraud, bad faith or an abuse of discretion in filing the declaration of taking. The trial court dismissed the preliminary objections and this appeal followed.

The issues in this case are whether the Township has sufficient security to insure payment of just compensation and whether the Township's action in filing the declaration of taking was arbitrary, capricious, unreasonable and in bad faith.

The scope of preliminary objections under Section 406 of the Eminent Domain Code (Code)[1] is limited to four matters:

(1) power and right of the condemnor to appropriate the condemned property;

(2) sufficiency of the security;

(3) any other procedure followed by condemnor; and

(4) the declaration of taking.

*Condemnation by the Commonwealth of Pennsylvania Department of Transportation of Right of Way for Legislative Route 201*, 22 Pa.Cmwlth. 440, 349 A.2d 819, 820 (1975). Our review of the trial court's order dismissing preliminary objections is limited to determining whether the trial court abused its discretion or committed an error of law. *Ol-*

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–406.

son v. Whitpain Township, 141 Pa.Cmwlth. 270, 595 A.2d 706 (1991).

■ Initially, Condemnees maintain that the $2.5 million bond is insufficient security as it is not enough to insure payment of just compensation. Condemnees argue that the security is insufficient because the Township failed to obtain a full and fair appraisal of the property upon which it could base a good faith determination of its projected liability. Condemnees allege that Wagner, who appraised the property for the Township, did not do so in accordance with the Code and merely provided the appraisal for negotiating purposes.

■ Just compensation is defined as the difference between the fair market value of the condemnee's entire property interest before the condemnation and after condemnation. Department of General Services v. Fake, 45 Pa.Cmwlth. 46, 405 A.2d 971 (1979). Here, Condemnee's contend that Wagner did not perform a complete appraisal. He performed only a "preliminary estimate" to "minimize the total appraisal cost". Wagner did not appraise any of the Condemnees' buildings, nor the machinery or equipment therein. Condemnee Hanover maintains that the proposed plan would dramatically affect the ability of tractor trailers to enter and exit Hanover's properties. Because Wagner's appraisal did not include Condemnees entire property, his appraisal was not in conformance with the Code.

The Township acknowledges that Wagner did not do a full appraisal. His restricted report and limited appraisal analysis was done in order to provide an accurate estimate of just compensation at a reasonable cost. In preparing his report, he nonetheless followed stringent appraisal standards and ultimately provided an accurate estimate of just compensation. There is, according to the Township nothing in the Code which man-

dates that a full appraisal occur for each property being condemned in order to survive preliminary objections. Section 602 of the Code, which defines just compensation and Section 603, which defines fair market value, are to be applied at the time of the hearing before the Board of View, which is concerned with the calculation of damages.

■ In this case however, the issue of whether the $2.5 million bond is sufficient security is superfluous. In accordance with Section 403 of the Code, 26 P.S. § 1–403, the Township has the power of taxation. "[W]here a condemnor has the power of taxation, it shall not be required to file a bond with the declaration of taking." Section 403 of the Code, 26 P.S. § 1–403. As stated in Matter of Land in Borough of Centralia, 658 A.2d 481 (Pa.Cmwlth.1995), petition for allowance of appeal denied, 542 Pa. 651, 666 A.2d 1059 (1995), inasmuch as the borough had the power of taxation, it was not required to file a bond. Thus, although Condemnee's contend that the $2.5 million bond is inadequate, in accordance with Borough of Centralia, it was not required to file one. In fact, in the declaration of taking, the Township pledged its power of taxation. (R.R. at 14a.) As the Township has the power of taxation, it has provided sufficient security.[2]

■ Next, Condemnees maintain that the Township acted arbitrarily and in bad faith by filing the declaration of taking. The burden of proving fraud or abuse of discretion on part of condemnor is a heavy one. Pittsburgh School District Condemnation Case, 430 Pa. 566, 244 A.2d 42 (1968). There is a strong presumption that the municipality acted properly. Pidstawski v. South Whitehall Township, 33 Pa.Cmwlth. 162, 380 A.2d 1322 (1977). Condemnees maintain that the widening of Ridge and Wilson Avenues from twenty to forty feet, and the installation of curbing and storm water drainage systems

2. Moreover, it appears that Condemnees are in effect challenging the appraisal method employed by the Township to estimate just compensation. As stated in Township of Chester v. Department of Transportation, 20 Pa.Cmwlth. 60, 339 A.2d 892 (1975), it is improper to challenge the estimated just compensation by way of preliminary objection prior to a demand by the condemnor for possession. Id. 339 A.2d at 895.

The issue of just compensation is improperly raised in preliminary objections to a declaration of taking. Condemnation by the Commonwealth of Pennsylvania Department of Transportation of Right of Way for Legislative Route 146, 119 Pa. Cmwlth. 620, 547 A.2d 867 (1988). At this juncture, we are concerned not with the amount of damages Condemnees are entitled to but whether the Township has provided sufficient security.

are improvements that were adopted arbitrarily and in bad faith by the Township. The decision to undertake this road reconstruction was based on nothing more than the campaign promises of three of the five commissioners.

Specifically, Condemnees maintain that at no time was a traffic study performed, a surface water drainage or run-off study performed, nor has it been demonstrated that a roadway improvement project of this magnitude is necessary. Condemnees' expert, Robert Nedzel, testified that before it can be determined whether a new road should be constructed, an engineering study must be performed which considers six controls. Such a study was not performed in this case. Nedzel also testified that he had not seen any documentation which established the need to expand the roadways to forty feet or to add curbing and storm water drainage. Additionally, the comprehensive plan, adopted by the commissioners six years earlier did not include the extensive improvements to Ridge and Wilson Avenues which the Township now intends to make.

■ The Township maintains that the problems with Ridge and Wilson Avenues including their shoulders and alignment were noted in the comprehensive plan. Additionally, the Commissioners decided to improve the roadways because they were concerned with safety, the need to accommodate existing and expected traffic, and because they hoped that improved roadways would help attract new businesses. As stated in *Speicher Condemnation Appeal*, 58 Pa.Cmwlth. 321, 428 A.2d 282 (1981), the personal knowledge of township officials must be given great weight.

■ Although other alignments are possible, absent fraud, bad faith, capriciousness, arbitrariness, or unreasonableness, courts should not interfere with the choice of the route to be taken by the necessary right-of-way. *Blank v. Columbia Gas of Pennsylvania, Inc.*, 11 Pa.Cmwlth. 304, 314 A.2d 880 (1974). Condemnee's have failed to show that the Township acted arbitrarily or in bad faith.

Accordingly, because the Township has provided sufficient security and the Township has not acted arbitrarily or in bad faith, the order of the trial court is affirmed.

### ORDER

Now, November 18, 1997, the order of the Court of Common Pleas of York County, at No. 96–SU–01680–06, entered December 12, 1996, is affirmed.