IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing, :
                Appellant :
                   :
                   : No. 1238 C.D. 2020
           v. :
                   : Submitted: July 23, 2021
                   :
Falgun Kayastha :


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                     FILED: September 12, 2022


        The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT), appeals the order of the Court of Common Pleas of Cumberland County (trial court) sustaining the statutory appeal of Falgun Kayastha (Licensee) and vacating the one-year suspension of his operating privilege. PennDOT imposed the restriction on Licensee in accordance with 75 Pa.C.S. § 1547(b)(1)(i),[1] commonly referred to as the Implied Consent Law. The trial court

---

[1] Section 1547(b)(1)(i) reads, in pertinent part, as follows:
> (1) If any person placed under arrest for a violation of section 3802 [(relating to driving under the influence of alcohol or a controlled substance)] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:
> > (i)     Except as set forth in subparagraph (ii), for a period of 12 months.

75 Pa. C.S. § 1547(b)(1)(i).

sustained Licensee's appeal and vacated the suspension as a discovery sanction under Pa. R.C.P. 4019(c)(3) when the Pennsylvania State Police (PSP) failed to provide Licensee with a copy of the Motor Vehicle Recording (MVR) taken during the incident. PennDOT argues that its failure to produce the video was due to a "mutual misunderstanding" of PennDOT and PSP, which did not warrant the discovery sanction by the trial court. Upon review, we affirm the trial court.

## Facts and Procedural History

This matter stems from Licensee's arrest on August 30, 2019, for driving under the influence (DUI), 75 Pa. C.S. § 3802, and Licensee's subsequent failure to submit to chemical testing in violation of the Implied Consent Law. (Reproduced Record (R.R.) at 43a.) By a letter mailed September 18, 2019, PennDOT sent Licensee an official notice that his driving privilege would be suspended under section 1547(b)(1)(i) because he refused a chemical test on August 30, 2019. (R.R. at 6a.)

Licensee filed a statutory appeal of his suspension on October 15, 2019. (R.R. at 3a-5a.) Hearing on the appeal, initially scheduled for January 3, 2020, was continued multiple times. (R.R. at 13a-19a.) The continuance dated July 10, 2020, directed Trooper Jason T. Kluchurosky, the arresting officer, to bring the MVR to the hearing on September 21, 2020, or the appeal would be sustained. (R.R. at 17a.) After a virtual Zoom hearing held on September 21, 2020, during which Trooper Kluchurosky had the MVR, the trial court issued a continuance stating, "[t]he Commonwealth shall turnover the MVR within 10 days." (R.R. at 18a.)

On November 4, 2020, the trial court held a hearing, at which time Licensee orally moved for the appeal to be sustained due to PSP's failure to produce the MVR pursuant to the September 21, 2020 continuance order. (Notes of Testimony (N.T.) at 26a.) The trial court granted Licensee's motion and sustained the appeal and permitted the parties to develop the record for appeal. (N.T. at 27a.)

2

Testimony and exhibits were offered exclusively about the circumstances surrounding production of the MVR. (N.T. at 28a-35a.) PennDOT presented the testimony of Trooper Kluchurosky, who relayed the series of events surrounding the MVR. Trooper Kluchurosky explained that he had the MVR with him during the September 21, 2020 virtual hearing, which was in compliance with the July 10, 2020 order. (N.T. at 32a.) Trooper Kluchurosky stated that he did not receive a copy of the September 22, 2020 order directing that the MVR be produced to Licensee's counsel within 10 days. (N.T. at 29a-30a.) Additionally, Trooper Kluchurosky testified he had the MVR with him that day. (N.T. at 30a.)

In response, Licensee offered into evidence several exhibits expounding upon his counsel's attempts to obtain the MVR, all of which were admitted without objection from PennDOT. (N.T. at 33a-35a.) First, Licensee presented a copy of the subpoena, which was hand-delivered by counsel to PSP on July 8, 2020. (N.T. at 34a; R.R. at 47a.) Second, Licensee presented an email exchange between PSP Sergeant Timothy B. Starke and Licensee's counsel, which included the proper procedure for submitting a subpoena to PSP Troop H in Carlisle, Pennsylvania. (N.T. at 34a; R.R. at 49a-52a.) Third, Licensee offered an additional email from Sergeant Starke from September 28, 2020, detailing an additional subpoena that needed to be submitted and included the two previous court orders as attachments. (N.T. at 34a; R.R. at 53a.) Fourth, Licensee presented an additional email between Licensee's counsel and Trooper Kluchurosky with counsel's FedEx account number to send the MVR. (N.T. at 34a; R.R. at 54a.) Fifth, Licensee offered another email between Sergeant Starke and Licensee's counsel from September 8, 2020, clarifying that the subpoena unit needed a physical copy of the trial court's order with an original signature before the MVR could be released. (N.T. at 34a; R.R. at 55a-56a.) Sixth, Licensee offered an email among Sergeant Starke, Licensee's counsel, and Ms. Ott, a

presumed member of the subpoena unit, asking for several copies of the trial court's order. (N.T. at 34a; R.R. at 57a-58a.)

At the end of the hearing on November 4, 2020, the trial court entered an order sustaining Licensee's appeal and vacating the one-year license suspension as a discovery sanction. (N.T. at 36a; R.R. at 80a.) Thereafter, PennDOT appealed, and the trial court directed PennDOT to file a concise statement of errors complained of on appeal. PennDOT complied, arguing that the trial court abused its discretion in sustaining Licensee's appeal and vacating the one-year license suspension. In its 1925(a) opinion, the trial court found the misunderstanding between PennDOT and PSP to be "blatantly bogus." (Trial Ct. 1925(a) Op. at 2-3; R.R. at 83a-84a.) Moreover, the trial court did not find PennDOT's argument that PSP and PennDOT were separate agencies to be credible because PSP was PennDOT's own witness. (Trial Ct. 1925(a) Op. 1-3; R.R. at 82a-84a.) The trial court observed: "[W]here potentially exculpatory evidence is consistently withheld from [Licensee] by [PennDOT's] own witness, saying [PennDOT] bears no responsibility is decidedly wrong." (Trial Ct. 1925(a) Op. at 3; R.R. at 84a.) It further justified its Pa. R.C.P. 4019 discovery sanction as follows:

> Rescinding the suspension may appear harsh, but the administration of justice places great responsibilities on government actors. Indeed, requiring [Licensee] to proceed, having not previewed the video, or appear at a later date once again, would have been harsher.

(Trial Ct. 1925(a) Op. at 3; R.R. at 84a.)

Subsequently, PennDOT appealed to this Court.

## Discussion

On appeal, PennDOT contends the trial court abused its discretion by sustaining Licensee's appeal and vacating the one-year license suspension.

4

PennDOT argues the MVR was not produced due to a "mutual misunderstanding of relevant responsibilities" of PennDOT and PSP.

Pursuant to Pa. R.C.P. 4019,[2] the trial court has discretion over whether to impose a sanction and its severity because the purpose of the rule is to "ensure compliance with proper orders of court, and adequate and prompt discovery of matters allowed by the civil procedure." *Taylor v. City of Philadelphia*, 692 A.2d 308 (Pa. Cmwlth. 1997), *affirmed*, 699 A.2d 730 (Pa. 1997). In imposing sanctions under Rule 4019, "[t]he trial court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties." *Poulos v. Department of Transportation,* 575 A.2d 967, 969 (Pa. Cmwlth. 1990).

This Court will not disturb a discovery sanction absent an abuse of that discretion. *Zauflik v. Pennsbury School District*, 72 A.3d 773, 797 (Pa. Cmwlth. 2013) (citations omitted). Abuse of discretion is not merely an error in judgment and requires a showing of manifest unreasonableness, partiality, ill-will, or such lack of support as to be clearly erroneous. *Id.* Furthermore, a party challenging a trial court's discretionary judgment on appeal bears a heavy burden. *Id.* Factors to be considered include the prejudice to the opposing party, whether the prejudice may be cured, the willfulness or bad faith of the party in violation and the number of violations. *Id.* at 798, n. 32. "Sanctions are not customarily imposed absent willful disregard, disobedience of a court order, or an obligation expressly set forth in the Pennsylvania Rules of Civil Procedure." *Appeal of Nordhoy*, 547 A.2d 867, 869 (Pa.

---

[2] In pertinent part, Pa. R.C.P. 4019(a)(1)(i) and (viii) provides that "[t]he court may, on motion, make an appropriate order if . . . a party or person otherwise fails to make discovery or to obey an order of court respecting discovery." Pa. R.C.P. No. 4019(c)(5) states that "[t]he court, when acting under subdivision (a) of this rule, may make . . . such order with regard to the failure to make discovery as is just."

Cmwlth. 1988) (internal citations omitted). It is within the province of the trial court when acting as factfinder to weigh the evidence, assess the credibility of witnesses, and resolve conflicts in the evidence. *Reinhart v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing*, 954 A.2d 761, 766 (Pa. Cmwlth. 2008) (internal citations omitted).

Here, the trial court found two direct violations of its previous orders from July 10, 2020 and September 21, 2020, which directed PSP and the Commonwealth to produce the MVR. The July 10, 2020 order directed Trooper Kluchurosky to bring the MVR to the hearing and "[f]ailure to do so will result in the sustaining of the appeal." (R.R. at 17a.) Further, the September 22, 2020 order directed the Commonwealth to produce the MVR "within 10 days." (R.R at 18a.) Because these two orders specifically addressed production of the MVR, the trial court found "unacceptable" PennDOT's failures to comply with these orders or ensure they were followed by PSP. (R.R. at 36a.)

Additionally, the trial court rejected the argument that PennDOT cannot be responsible for PSP's actions because they are independent agencies. (Trial Ct. 1925(a) Op. at 1-3.) The trial court rejected this argument as both PennDOT and PSP attended the hearings where the production of the MVR was discussed. (Trial Ct. 1925(a) Op. at 2-3). The trial court found that "the rule is not that each subdivision of government in this Commonwealth is an island, altogether irresponsible for the conduct of the others in all circumstances." (Trial Ct. 1925(a) Op. at 2.) Similarly, the trial court found that "there is no indication that counsel for [PennDOT] attempted to exert any influence over PSP" in producing the MVR, but rather PennDOT was "unable or unwilling to persuade its own witness" to follow the trial court's orders. (Trial Ct. 1925(a) Op. at 1, 3.) Although the trial court rejected PennDOT's argument, the trial court found Trooper Kluchurosky to be credible in his assertion that he had no problem with personally producing the MVR. *Id.*

6

Moreover, the trial court made findings with respect to the prejudice Licensee has suffered and would continue to suffer due to not receiving the MVR. The trial court reasoned that although sustaining the appeal is a harsh sanction, it would be harsher for Licensee to proceed to a hearing without having reviewed the MVR or to continue the matter again. (Trial Ct. 1925(a) Op. at 4.) Thus, we are satisfied that the trial court struck the appropriate balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties. Therefore, we conclude that the trial court did not abuse its discretion in sustaining Licensee's appeal and vacating the one-year suspension pursuant to Pa. R.C.P. 4019.

Accordingly, the order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing, :
               Appellant :
:  No. 1238 C.D. 2020
         v. :
:
Falgun Kayastha :

## ***ORDER***

       AND NOW, this 12th day of September, 2022, the November 4, 2020 order of the Court of Common Pleas of Cumberland County is AFFIRMED.

 

_____
PATRICIA A. McCULLOUGH, Judge