In Re: Condemnation by The Commonwealth of Pennsylvania, Department of Transportation, of Right of Way, for Legislative Route 201, Section 5R/W, a Free Access Highway, and Legislative Route 1116, Section 2A R/W, a Limited Access Highway, East Vincent Township.

Stephen Becker and Elizabeth Becker, Appellants.

Argued October 7, 1975, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

442

*Lawrence Sager*, with him *Sager & Sager*, for appellant.

*Ronald Chesin*, Assistant Attorney General, with him *John M. Hrubovcak*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, December 29, 1975:

This appeal evolves from a condemnation of a portion of land owned by appellants, Stephen and Elizabeth Becker, by the Pennsylvania Department of Transportation (PennDOT). Appellants' property was designated to be part of a project to widen existing Legislative Route 201 in Chester County from the Borough of Phoenixville to East Vincent Township, a distance of approximately 4.3 miles, a wholly state financed project.

During the design phase of a highway project, such as in this case, The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §512(b) provides for public hearings to be held by PennDOT to consider certain environmental, social and economic factors before the finalization of highway project plans. More important to this matter, 71 P.S. §512(b) requires PennDOT to:

> "[F]ollow the hearing procedures now or hereafter required by the Federal Government for Federal-aid transportation programs pursuant to Titles 23 and 49 of the United States Code as amended and the regulations and procedures thereunder even though the transportation route or program does not contemplate the use of or actually employ Federal funds."

It is these procedures that generated this appeal.

23 U.S.C. §128 as incorporated by our Administrative Code mandates public hearings or an opportunity for such to be afforded on highway projects. The applicable regulation thereunder covering what is an "opportunity" for public hearing, states:

"(a) A State may satisfy the requirements for a public hearing by (1) holding a public hearing, or (2) *publishing two notices* of opportunity for public hearing and holding a public hearing if any written requests for such a hearing are received." 23 C.F.R. §790.6(a) (Emphasis added.)

To comply with such procedure, PennDOT caused to be published in newspapers of general circulation within the affected area of Chester County, notices for the opportunity for public hearing on the project. No requests for hearing were received by PennDOT, and, therefore, none were held concerning the undertaking involved here. As appellants concede, PennDOT did consider the twenty-three social, environmental, and economic factors required by The Administrative Code to be the subject of a public hearing, and in addition made a finding that no adverse environmental impact was likely to result from the project.[1]

After the design was approved by PennDOT, condemnation proceedings were initiated against the land of appellants and others along Route 201 by filing a declaration of taking as mandated by Section 402 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-402. Appellants then filed preliminary objections to the declaration of taking pursuant to Section 406 of the Eminent Domain Code which included an objection that the "Environmental Rights Amendment"[2] was violated.

---

1. A duty to make such environmental findings is found in The Administrative Code, 71 P.S. §512(b)(23).

2. Pa. Const. art. I, §27.

The court below dismissed appellants' preliminary objections and this appeal followed.

Appellants assert that the want of *personal* notice of an opportunity for hearing them as to the environmental impact of the project violates their due process rights. This, they argue, makes the condemnation proceedings a nullity.

At this juncture, we disagree with the court below in concluding that appellants' contentions are properly the subject of preliminary objections to a declaration of taking.

Section 406 of the Eminent Domain Code, 26 P.S. §1-406, makes four matters the subject of preliminary objections to a declaration of taking:

1. Power and right of the condemnor to appropriate the condemned property.
2. Sufficiency of the security.
3. Any other procedure followed by condemnor.
4. The declaration of taking.

The nature of the hearing appellants claim to be deprived of must be analyzed in terms of these four objections to determine whether appellants' argument can be raised by preliminary objections.

This Court has previously noted that the hearings provided by 71 P.S. §512(b) (Administrative Code hearings), are designed to afford the public and affected parties knowledge of a planned improvement and a right to be heard. *Conroy-Prugh Glass Co. v. Commonwealth,* 7 Pa. Commonwealth Ct. 66, 298 A.2d 672 (1972). Similarly, the Federal courts in discussing 23 U.S.C. §128 (the statute referenced by The Administrative Code) have commented on the purpose of the highway hearing.

"This history shows a long-standing and ever increasing congressional concern that highway planners be directly and publicly confronted with opposing views, to ensure that the planners take close account of the objections and desires of individual citizens affected

by the proposed projects during the planning process." *D.C. Federation of Civic Associations, Inc. v. Volpe,* 434 F.2d 436, 441 (D.C. Cir. 1970).

In short, the highway hearings appear to envision an exchange of ideas and a data collection process to aid PennDOT in discharging its planning duties.[3]

Considering the first type of allowable preliminary objection, the power or right of the condemnor, the appellants are not actually challenging the power or right of PennDOT to take their land. This is provided by statute, Act of May 29, 1945, P.L. 1108, *as amended,* 36 P.S. §2391.8. More accurately, they are challenging a collateral procedure to be followed as part of highway planning. Likewise, the challenge is not to sufficiency of the security or the declaration of taking itself. Therefore, if appellants' argument is to fit into one of the allowable categories of preliminary objections, it must qualify as an objection to "any other procedure followed by the condemnor".

However, in *Simco Stores, Inc. v. Philadelphia Redevelopment Authority,* 8 Pa. Commonwealth Ct. 374, 379, 302 A.2d 907, 910 (1973), *aff'd.,* 455 Pa. 438, 317 A.2d 610 (1974), this Court stated:

> "The term 'any other procedure' refers to procedures such as are set forth in Sections 403 and 405, inclusive, and other procedures that may be directly related to the filing of the declaration of taking."

In this case, failure to give appellants personal notice of the opportunity for an Administrative Code hearing is not a procedure directly related to the declaration of taking so as to qualify within the contemplation of the term "any other procedure." This is particularly true in light of the Supreme Court's view "that the scope of preliminary objections under Section 406(a) is to be

---

3. *See generally Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 414-15 (1971).

limited." *Simco Stores v. Redevelopment Authority,* 455 Pa. 438, 443, 317 A.2d 610, 613 (1974).

The instant appeal is analogous to *Simco, supra,* wherein a local ordinance protected businesses from eviction for one year subsequent to the declaration of taking. The condemnor attempted such an eviction, and the condemnee raised preliminary objections based on the ordinance. We found such an objection to be improper, because even though the conduct was improper under the ordinance, the power to take was still effective. *Simco Stores, Inc. v. Philadelphia Redevelopment Authority, supra,* 8 Pa. Commonwealth Ct. at 379, 302 A.2d at 910-11.

Even if one assumes that failure to give ' personal notice to appellants of the highway project hearing here involved constituted legal error, preliminary objections to the declaration of taking is not the proper vehicle to challenge such procedures. Here the challenge goes to a matter that is primarily of a planning nature and collateral to the condemnation proceedings.

We shall, nevertheless, dispose of appellants' argument on the merits. At the outset, it should be reemphasized that the hearing involved was designed to seek the public's views on highway design and was not the hearing concerning the *taking* of appellants' land. Although a newspaper notice of condemnation which deprives a condemnee of his property or his entitlement to just compensation is both statutorily and constitutionally deficient, *Schroeder v. City of New York,* 371 U.S. 208 (1962); *Angle v. Commonwealth,* 396 Pa. 514, 153 A.2d 912 (1959), such is not the case before us.

It is also clear that appellee has complied with applicable statutes in providing newspaper notice. In *Payne v. Kassab,* 11 Pa. Commonwealth Ct. 14, 312 A.2d 86 (1973), this Court observed that the Commonwealth need do no more than follow the Federal procedures for providing the Administrative Code hearing. Furthermore,

the Code of Federal Regulations, 23 C.F.R. §790.6, provides that the states may use newspaper notice to announce the opportunity for highway design or corridor hearings, a position approved by the Court of Appeals in *Pennsylvania Environmental Council, Inc. v. Bartlett,* 454 F.2d 613 (3rd Cir. 1971).

Article I, Section 27 of the Pennsylvania Constitution states:

> "The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people."

Nothing appears in this language which would add to the hearing requirements as prescribed in The Administrative Code. To the contrary, this declaration of a fundamental right in the people of the Commonwealth is totally silent as to the means or procedures by which the afforded right is to be asserted. Absent any such constitutional directive in this amendment, we cannot find in it, as appellants assert, that they have a right to personal notice, as distinguished from public notice of a public project having a potential environmental impact, simply because they own real property that may be condemned in the execution of the public project. With respect to their rights under this amendment, such rights are no greater nor less than those afforded to the people as a whole. It would be unreasonable and illogical to require under this amendment or under principles of constitutional due process that the "people" as citizens of this Commonwealth having an arguable interest in an environmental impact hearing, or the right to seek one, be afforded personal notice of that right. Proper notice is afforded the public and landowners potentially affected

by a public improvement project through notice in newspapers of general circulation in the area.

The Supreme Court of the United States recently stated:

> "[T]he interpretation and application of the Due Process Clause are an intensely practical matter and that the very nature of due process negates any concept of inflexible procedures universally applicable to every situation." *Goss v. Lopez,* 95 S.Ct. 729, 738 (1975).

Here, as opposed to hearings to adjudicate individuals' property rights, newspaper notice is sufficient and the most practical form of notice of the opportunity for the Administrative Code hearing.

In a case cited by appellants, the Supreme Court has said that "[p]ersonal service has not in all circumstances been regarded as indispensible to the process due residents. . . ." *Mullane v. Central Hanover Bank and Trust Company,* 339 U.S. 306, 314 (1950).

The order of the lower court is affirmed.

