551 A.2d 640

Friends Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 1, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Earl M. Forte,* with him, *James J. Jandrisitz, Ehmann & Van Denbergh, P.C.,* for petitioner.

*Catherine Stewart,* Assistant Counsel, for respondent.

OPINION BY JUDGE CRAIG, December 15, 1988:

Friends Hospital appeals an order of the Director of the Office of Hearings and Appeals of the Department of Public Welfare (DPW) granting DPW's motion to dismiss the hospital's request to file its audit appeal nunc pro tunc. We affirm.

There is no dispute as to the facts. By letter dated May 22, 1987, W. Gerard Best, Director of the Bureau of State-Aided Audits, forwarded to Robert J. Berenato, Director of Financial Services at Friends Hospital, copies of Amended Reports of Medical Assistance audits of Friends Hospital for the fiscal years of June 30, 1982, through June 30, 1984. Mr. Berenato forwarded the letter to William Stowers, then Budget Manager of Friends Hospital. The amended reports contained audit disallowances for the fiscal years in question *and advised that the Director of the Office of Hearings and Appeals must receive any appeal of the disallowances within thirty days.* The letter concluded by providing a

phone numer to call should the hospital have any questions.

By letter dated June 3, 1987, Thomas Tay, DPW Assistant Comptroller for Auditing, forwarded to the attention of the Controller of Friends Hospital notice of the amounts due based on the Comptroller's review of the amended reports. Mr. Stowers received this letter directly. Like the May 22 letter, the June 3 letter contained directions for appealing.

On June 26, 1987, Mr. Stowers appealed, by letter, the audit disallowances contained in the May 22 letter and the "settlement" (so labeled by both sides) assessed in the June 3 letter. In the appeal letter, Mr. Stowers requested permission to file an appeal nunc pro tunc because of confusion within the hospital offices over the date for final appeal. The confusion came as a result of the hospital's failure to realize that the letters came from separate offices and related to distinct administrative actions, with the latter "settlement" action being dependent upon the finality of the earlier action making specific disallowances. Unfortunately, the hospital believed that it had until July 3, 1987, to appeal both matters.

On July 21, 1987, Patricia H. O'Neal, of the Office of Hearings and Appeals, sent a letter to the parties acknowledging receipt of the hospital's appeals and advising them of the docket numbers with respect to the disallowances.

Counsel for DPW, contending that the hospital's appeal of the May 1987 audit disallowances had not been filed in timely fashion, filed a motion for dismissal of that appeal. The hospital filed a response contending that its June 26, 1987 request to file its appeals nunc pro tunc had been granted by DPW's acceptance for filing, and docketing, of the appeals, or alternatively that Friends Hospital should be permitted to file nunc pro

tunc. By an order dated March 31, 1988, Phyllis Bennett, Director of the Office of Hearings and Appeals, granted the motion to dismiss.

This appeal presents three issues: (1) whether DPW granted the hospital's request for permission to file its appeal nunc pro tunc when DPW docketed the request; (2) whether DPW abused its administrative discretion when it dismissed the appeal because of untimely filing; and (3) whether DPW failed to properly serve the hospital with notice of the audit disallowance.

The hospital contends that DPW's act of filing and docketing the hospital's appeal constitutes a grant of permission to file an appeal nunc pro tunc.

However, 1 Pa. Code §33.61(b) states that:

Unless the agency shall expressly so order, acceptance for filing may not waive a failure to comply with this chapter, the regulations of the agency or another applicable requirement, and the failure may be cause for striking all or any part of the filings.

Section 1101.84(b)(1)(ii) of the Medical Assistance Manual, 55 Pa. Code §1101.84(b)(1)(ii) stipulates that:

The Notice of Appeal from an audit disallowance shall be filed within 30 days of the date of the letter . . . transmitting the provider's audit report. If the facility fails to appeal from the auditor's findings at audit, the facility may not contest the finding in another proceeding.

The hospital has not claimed any unreasonable delay in receipt of the letter dated May 22, and there exists no order waiving the failure to comply with the thirty-day requirement of 55 Pa. Code §1101.84(b)(1)(ii).

The hospital alternatively contends that the order dismissing the appeal is an abuse of administrative discretion because "the confusion created by the apparently conflicting appeals instructions" is reasonable

grounds for permitting the filing of an appeal nunc pro tunc.

The hospital cites 55 Pa. Code §31.15(a)(1) as authority for granting an extension of time. This section provides that:

> [W]henever . . . an act is required or allowed to be done at all or within a specified time, . . . upon motion made after the expiration of the specified period, the act *may be permitted* to be done where reasonable grounds are shown for the failure to act. (Emphasis added.)

Failure to recognize the difference between two separate letters, and failure to call a given number should questions arise (as they obviously did) does not amount to reasonable grounds for granting an extension.

Moreover, without a showing of fraud or breakdown in the administrative process, a time period for appeal may not be extended nunc pro tunc. *Martin v. Department of Public Welfare,* 99 Pa. Commonwealth Ct. 345, 514 A.2d 204 (1986). The hospital has not alleged any fraud or breakdown on DPW's part, merely confusion on the part of the hospital. Therefore, we conclude that no grounds exist which would place the hospital within the permissive reasons for extending the time period for appeal.

The hospital argues that *Nayak v. Department of Public Welfare,* 107 Pa. Commonwealth Ct. 504, 529 A.2d 557 (1987), stands for the proposition that in light of the potential confusion of conflicting appeals, this court, in fairness, should grant leave to appeal. However, we deemed the matter to have been timely appealed in *Nayak* because of the confusion between 55 Pa. Code §1101.84(c) and Medical Assistance Bulletin 99-83-05 regarding reimbursement denials. In the case presently before us, there is no conflicting language present in the legal authorities.

The final issue is whether DPW properly served the hospital with notice of the audit disallowances. The hospital's position is that, because it is equivalent to a corporation, 231 Pa. Code Rule 424 is the applicable directive. The rule provides the following:

**Rule 424. Corporations and Similar Entities.**

Service of original process upon a corporation or similar entity shall be made by handing a copy of any of the following persons provided the person served is not a plaintiff in the action:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

The hospital concludes that, because Mr. Berenato does not hold a title identical to those listed, addressing the May 22 letter to him amounted to inadequate notice. However, DPW sent notice of the audit disallowances to the Director of Financial Services (Mr. Berenato) in accordance with DPW policy to send such notice to the chief financial officer of a facility.

The hospital does not dispute that DPW's letters came to the right place. The hospital offers no alternative place or person to which or whom the letters from DPW should have been addressed in order to effectuate "proper service". In the absence of written instructions to act otherwise, DPW's policy is reasonable since the head of a department of a corporation necessarily acts in the capacity of the "manager" in charge of that aspect of the business. 231 Pa. Code Rule 424(2). Therefore, we hold that DPW properly served the hospital with notice.

We cannot conclude that failure to discern the difference between two letters from separate offices, with distinctively separate letterheads and formats and containing separate subject matter, is a reasonable ground for failure to act. The hospital's appeal letter dated June 26 exceeded the thirty-day limit for responding to the May 22 letter from the Bureau of State-Aided Audits. In view of the untimely response due to nothing more than office error, including failure to call the given number for help in clarifying what the hospital defined as a confusing situation, we have no reason for granting an appeal nunc pro tunc.

Accordingly, we affirm the order of the Office of Hearings and Appeals of the Department of Public Welfare.

ORDER

Now, December 15, 1988, the order of the Director of the Office of Hearings and Appeals of the Department of Public Welfare dated March 31, 1988, at Docket Nos. 27-87-037, 27-87-038 and 27-87-039, is hereby affirmed.