563 A.2d 1301

**Daniel E. BLEVINS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided Sept. 14, 1989.

534

John C. Snyder, Robert W. Lentz, Lentz, Cantor, Kilgore & Massey, Ltd., Paoli, for petitioner.

Kenneth A. Gelburd, Asst. Counsel, Dept. of Environmental Resources, Philadelphia, for respondent.

William T. Wilson, Roger E. Legg, West Chester, Legg, Wilson & Smith, for Southeastern Chester County Refuse Authority.

Before COLINS and PALLADINO, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Daniel E. Blevins (petitioner) petitions for review of a November 7, 1988 order of the Environmental Hearing Board (Board). The order denied petitioner's request to appeal nunc pro tunc from an action by the Department of Environmental Resources (DER) modifying a permit held by the Southeastern Chester County Refuse Authority (SECCRA) for operation of a solid waste landfill facility. We will affirm.

In 1977, DER issued permit No. 101069 (the permit) to AAK Corporation for the operation of a solid waste landfill facility on the site in question, located in London Grove Township, Chester County, Pennsylvania. The facility was only in operation for a very short period before being shut down as a result of a local ordinance which limited operation of these types of facilities to a municipal authority or a municipality.[1]

---

1. The owners of AAK Corporation applied for a curative amendment to allow for privately owned and operated landfills. The Township Board of Supervisors dismissed the application. Petitioner and other interested nearby landowners intervened on appeal before the Court

In 1982, the permit was reissued to New Garden Town-. ship. Petitioner and others appealed to the Board from the reissuance of the permit. New Garden Township relinquished its interest in the permit in 1984 and SECCRA, the present operator, applied for a second reissuance of the same permit. The permit was reissued to SECCRA on October 16, 1984 and petitioner timely appealed that second reissuance of the permit. The two appeals of the two reissuances of the permit were consolidated by the Board.

The Board conducted a series of hearings on the appeals from April 1, 1986 through July 14, 1987. Issues raised by petitioner included SECCRA's failure to comply with required soil depth under DER regulations, its failure to properly vent landfill gases, the failure of DER to require a liner for the landfill, DER's failure to address the landfill's impact on traffic and ground water, soil pollution, and DER's failure, generally, to meet its obligations to safeguard the environment under the Pennsylvania Constitution. PA. CONST. art. I, § 27. A briefing schedule was issued November 3, 1987. Petitioner submitted his brief and the appeal is still awaiting decision by the Board.

In the meantime, SECCRA had applied for a modification of the permit with respect to several aspects of the landfill's design and operations. DER granted the modification and issued an amended permit on September 9, 1987. Consequently, on December 22, 1987, instead of submitting a brief on the merits of petitioner's appeal, SECCRA filed and served a motion to dismiss the appeal or for additional hearings and/or to suppress portions of petitioner's brief. In its motion, SECCRA alleged that the permit amendment so impacted upon the issues raised by petitioner in the pending appeal as to nullify them and render the appeal moot. On January 19, 1988, petitioner filed an answer to

of Common Pleas of Chester County, which affirmed the dismissal. Appeal was then taken to this Court which held that the zoning ordinance limiting operation of this type of facility to a municipality was not unconstitutional. *Kavanagh v. London Grove Township,* 33 Pa. Commonwealth Ct. 420, 382 A.2d 148 (1978), *aff'd by an equally divided court,* 486 Pa. 133, 404 A.2d 393 (1979), *appeal dismissed,* 444 U.S. 1041, 100 S.Ct. 725, 62 L.Ed.2d 726 (1980).

SECCRA's motion to dismiss the appeal and, on January 20, 1988, filed a petition to appeal nunc pro tunc the permit amendment granted by DER to SECCRA.[2]

Petitioner alleges that his counsel had not been served by either SECCRA or DER with notice of the permit amendment or SECCRA's application therefor; that DER was without jurisdiction to independently modify the terms of a permit already awaiting appellate review by the Board; and that the ex parte permit amendment by DER without any notice to and opportunity to be heard by petitioner in the pending appeal through his counsel of record was unlawful and contrary to requirements of law and due process.

The Board has taken no action yet with respect to SECCRA's motion to dismiss the pending permit reissuance appeal, but entered an Opinion and Order on November 7, 1988, denying petitioner's petition to appeal nunc pro tunc from the permit amendment. Petitioner petitions this Court for review of the Board's order.[3]

Petitioner first argues that DER was without jurisdiction to independently proceed to issue a permit amendment while litigation concerning the permit was pending before the Board. Petitioner asserts that once an appeal has been

**2.** Petitioner failed to timely appeal the permit amendment within 30 days of notice, pursuant to 25 Pa.Code § 21.52.

**3.** The Environmental Quality Board promulgated, effective immediately, new regulations governing municipal waste disposal sites. These regulations were duly published in the April 9, 1988 Pennsylvania Bulletin, 18 Pa.B. 1681–1814 (1988) and later codified at 25 Pa.Code Chapters 75, 101, 271, 273, 275, 277, 279, 281, 283 and 285. SECCRA filed an application on October 11, 1988, for re-permitting under the new regulations pursuant to 25 Pa.Code § 271.111. Notice of the application was published at 18 Pa.B. 5189 (1988). To this Court's knowledge, no action has been taken on the application to date. The substantive criteria of the new regulations include the requirement of a liner system and a leachate treatment system. *See* 25 Pa.Code §§ 273.251–273.260 and 273.271–273.277. These requirements address some of petitioner's concerns raised against SECCRA. DER argues that since SECCRA will have to conform to the new regulations or cease operation, SECCRA's October 11, 1988 application for repermitting under the new regulations renders moot petitioner's appeal of the September 9, 1987 permit amendment. Since no final action has yet been taken on SECCRA's application for repermitting, that issue is not properly before this Court for appellate review.

taken, absent a statute providing otherwise, the court or tribunal below loses jurisdiction to proceed with the case, citing *Taylor v. Weinstein*, 207 Pa. Superior Ct. 251, 217 A.2d 817 (1966) in support thereof. We conclude that *Taylor* is not controlling because it is both factually and procedurally distinguishable from the instant matter. Therein, Weinstein applied to the Pennsylvania Liquor Control Board (PLCB) for the transfer of a restaurant liquor license from one location to another. The application was refused based on the proposed location's close proximity to a church in violation of a local ordinance.

Weinstein appealed to the Court of Quarter Sessions, but later discontinued his appeal. More than a month after the discontinuance, he petitioned for reconsideration and the PLCB, without taking additional testimony, holding another hearing, or listing reasons, approved the transfer. Taylor, who had appeared and opposed the transfer at the original hearing, was never notified of the petition for reconsideration. The Superior Court held that the PLCB was without jurisdiction to reconsider its first decision once the appeal had been filed. Therefore, an appeal was allowed nunc pro tunc.

Tribunal is defined in Section 102 of the Judicial Code as: [a] court, district justice or other judicial officer vested with the power to enter an order in a matter. The term includes a government unit, other than the General Assembly and its officers and agencies, when performing quasi-judicial functions.

42 Pa.C.S. § 102.

DER clearly does not function as a court or tribunal, but as a regulatory body. DER is not an adjudicatory body, rather the Board is, as defined in Section 3(a) of the Environmental Hearing Board Act, Act of July 13, 1988, P.L. 530, 35 P.S. § 7513(a):

[t]he Environmental Hearing Board is established as an independent quasi-judicial agency.

Hence, the general rule upon which *Taylor* relies is inapplicable to the case *sub judice.*

■ DER asserts that it is charged with responsibility for enforcing the Solid Waste Management Act (SWMA),[4] which responsibility includes the power to issue, modify and condition permits to implement the purposes of the SWMA. It asserts those purposes include requiring permits for a municipal waste disposal facility such as SECCRA's and providing an effective means of implementing and enforcing the SWMA. DER argues that its authority to take such action during the pendency of an appeal from a permit to the Board is not restricted anywhere in the SWMA. It maintains that its action was proper. We agree.

■ Petitioner next argues that as a party to the permit reissuance proceeding, he has been denied due process as a result of DER's failure to properly serve petitioner with notice of the permit amendment. The pertinent notice provision at 25 Pa.Code § 21.36 provides:

[p]ublication of a notice of action or proposed action by the Department or Board in the Pennsylvania Bulletin shall constitute notice to or service upon persons, *except a party,* effective as of the date of publication. (Emphasis added.)

A "party" is defined in the Code as:

[a] person with the right to institute or defend or otherwise appear and participate in proceedings before the Board. A party shall be an appellant, appellee, plaintiff, defendant or intervenor.

25 Pa.Code § 21.2.

The Board held that petitioner was not a party to the permit amendment proceeding and that publication of notice of the permit amendment in the October 24, 1987 issue of the Pennsylvania Bulletin was sufficient notice to petition-

4. Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101–6018.-1003.

er.[5] It held further that since petitioner failed to file an appeal within the statutory period of thirty days after notice was published in the Pennsylvania Bulletin, the Board's jurisdiction was never invoked. The Board cites this Court's decision in *Lower Allen Citizens Action Group, Inc. v. Department of Environmental Resources,* 119 Pa. Commonwealth Ct. 236, 538 A.2d 130, *confirmed on reconsideration,* 119 Pa. Commonwealth Ct. 236, 546 A.2d 1330 (1988) in which we held that the appeal period for a third party appellant did not begin to run until notice appeared in the Pennsylvania Bulletin regardless of whether the appellant had already received written notice. Therein, the citizens group had filed objections to an application for a mine drainage permit. DER subsequently approved the application and the citizens group appealed that approval. On appeal, this Court in deciding the central issue characterized the citizens group as a "person" and not a "party" as defined in 25 Pa.Code § 21.2 for purposes of determining the appropriate appeal period.

█ Lastly, petitioner asserts that the Board abused its discretion in denying his petition for leave to file an appeal nunc pro tunc. Pursuant to 25 Pa.Code § 21.53, the Board may allow an appeal nunc pro tunc if good cause can be shown.[6] This Court has interpreted good cause as involving fraud or breakdown of the Board's administrative processes. *Friends Hospital v. Department of Public Welfare,* 122 Pa. Commonwealth Ct. 150, 551 A.2d 640 (1988). Petitioner does not allege fraud or breakdown in the Board's processes but instead that the Board's denial of its

5. 17 Pa.B. 4243–4244 (1987). Also, DER published notice of SEC-CRA's application to amend the permit, referring to the types of changes proposed, in the June 13, 1987 issue of the Pennsylvania Bulletin. 17 Pa.B. 2256 (1987). Moreover, DER avers that it mailed a copy of the transmittal letter and a copy of the permit amendment to petitioner which petitioner does not refute.

6. That section provides in pertinent part:
   (a) [t]he Board upon written request and for good cause shown may grant leave for the filing of an appeal nunc pro tunc; the standards applicable to what constitutes good cause shall be the common law standards applicable in analogous cases in Courts of Common Pleas in the Commonwealth. 25 Pa.Code § 21.53.

appeal nunc pro tunc would work a manifest breach of due process. Petitioner maintains that both he and his counsel were entitled to written notice of the permit amendment. Petitioner bases this assertion on the fact that he is a party to the appeal of the permit reissuance of May 7, 1982 pending at Docket No. 82–154–M. On the contrary, the Board concluded that the permit amendment proceeding is a different matter from the permit reissuance proceeding. Consequently, the Board held that DER was under no obligation to provide petitioner with individual notice that a permit amendment was requested or issued. We agree with the Board and find there was no denial of petitioner's due process rights. Accordingly, the Board's November 7, 1988 order denying petitioner's appeal nunc pro tunc is affirmed.

## ORDER

AND NOW, this 14th day of September, 1989, the November 7, 1988 order of the Environmental Hearing Board which denied petitioner's petition to appeal nunc pro tunc the September 9, 1987 permit amendment granted to the Southeastern Chester County Refuse Authority by the Department of Environmental Resources is affirmed.