638 A.2d 299

**Gerald C. GRIMAUD, Anna G. Kroptavich, widow of Joseph Kroptavich, and Irene Kitchnefsky, Petitioners,**

**v.**

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1993.

Decided Feb. 4, 1994.

648

Gerald C. Grimaud, for petitioners.

Barbara L. Smith, Asst. Counsel, for respondent.

Ralph E. Kates, III, for respondent, intervenor Stone Hedge Sewer Co., Inc.

Before CRAIG, President Judge, SMITH, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Gerald C. Grimaud, Anna Kroptavich and Irene Kitchnefsky (collectively "Landowners"), appeal from the Environmental Hearing Board's (Board's) November 6, 1992 order granting Stone Hedge Sewer Company Inc.'s (Stone Hedge's) motion to quash Landowners' appeal of a sewage permit as untimely and

denying Grimaud's petition to appeal nunc pro tunc. We affirm.

Landowners raise three questions on appeal:[1] (1) whether the Board erred in determining that notice of the Department of Environmental Resources' (DER's) issuance of the National Pollution Discharge Elimination System (NPDES) permit in the Pennsylvania Bulletin was adequate; (2) whether the Board erred in dismissing the Landowners' NPDES permit appeal without a hearing; and (3) whether the Board erred in denying the Landowners' petition to appeal nunc pro tunc and in concluding that the Landowners failed to allege fraud, breakdown in the administrative process or unique and compelling factual circumstances establishing a non-negligent failure to file a timely appeal.

The principal legal issue here is whether the regulatory procedures adopted by the DER were reasonably adequate to afford the Landowners due process notice of an impending action affecting a stream flowing through their respective properties.

■ The facts of this case are as follows. On November 22, 1991, the Landowners filed an untimely notice of appeal to the Board challenging the DER's issuance on August 17, 1990 of NPDES Permit No. PA–0062375 and a timely notice of appeal challenging the Water Quality Management (WQM) Permit No. 6690402 to Stone Hedge. These two permits relate to a sewage treatment facility for Stone Hedge's housing development and golf course in Tunkhannock Township, Wyoming County.

Stone Hedge filed a motion to quash the Landowners' appeal of the NPDES permit on March 17, 1992, therein contending that that appeal was untimely.[2] Specifically, Stone

---

**1.** Our scope of review here is limited to determining whether an error of law has been committed, constitutional rights have been violated, or any findings of fact are unsupported by substantial evidence. *Fuller v. Department of Environmental Resources*, 143 Pa. Commonwealth Ct. 392, 599 A.2d 248 (1991).

**2.** The Board did *not* find that the appeal from the WQM permit was untimely and that permit is not before us at this time.

Hedge alleged in its motion that the DER issued the permit on August 17, 1990, that notice of intent to issue the permit was published in the Pennsylvania Bulletin on May 5, 1990 and that the issuance of the permit was published in the Pennsylvania Bulletin on September 29, 1990. Thus, the Landowners' November 22, 1991 appeal occurred more than one year after the second publication in the Pennsylvania Bulletin.

In their November 22, 1991 notice of appeal to the Board, the Landowners aver that they received actual notice of the DER's action on November 1, 1991. They did not file a petition for allowance of appeal nunc pro tunc, however, until April 15, 1992. In their April 15, 1992 objections to the DER's motion to quash, the Landowners alleged that, as riparian landowners, they were entitled to *personal* notice of the issuance of the NPDES permit and that constructive notice in the Pennsylvania Bulletin was illegal and unconstitutional.

The Board granted Stone Hedge's motion to quash the Landowners' appeal of the NPDES permit and dismissed their underlying appeal with respect to that permit. In addition, the Board denied the Landowners' petition for allowance of appeal nunc pro tunc, noting that the Landowners failed to aver any facts regarding fraud or breakdown in the administrative process.

## NOTICE:

25 Pa.Code § 21.52 provides that a third party must file its appeal within thirty days after publication of a notice in the Pennsylvania Bulletin in order for the Board to have jurisdiction. Here, the DER issued the NPDES permit pursuant to Section 202 of the Clean Streams Law.[3] Although the Clean Streams Law contains no public notice requirement for permits issued for the discharge of sewage,[4] the regulation gov-

3. Act of June 22, 1937, P.L.1987, *as amended,* 35 P.S. § 691.202.

4. The federal statute upon which the Commonwealth's Clean Streams Law is based, the Clean Water Act, requires notice to the public and an opportunity to be heard with regard to the discharge of sewage. Thus, the DER's notice in the Pennsylvania Bulletin is consistent with the spirit of the federal act.

erning public notice for NPDES permit applications is found at 25 Pa.Code § 92.61(a):

> (a) Public notice of every complete application for an NPDES permit shall be published by the Department in the Pennsylvania Bulletin. Such public notice shall also be posted by the applicant near the entrance to the premises of the applicant and in nearby places. . . .

In addition, 25 Pa.Code § 92.61(f) provides as follows:

> A copy of the notice of an application or a hearing and relevant fact sheets shall be mailed to any person or group upon request.

The Landowners argue that, as riparian landowners, they had a right to actual and personal notice of the DER's issuance of the NPDES permit, or at least notice reasonably calculated to reach their attention. They contend that notice in the Pennsylvania Bulletin was insufficient arguing that it is a "fiction" that the public reads that publication.

We disagree and hold that the notice published in the Pennsylvania Bulletin was reasonable. In *Blevins v. Department of Environmental Resources*, 128 Pa. Commonwealth Ct. 533, 563 A.2d 1301 (1989), we held that the DER's failure to serve Blevins individually with notice of an amendment to a solid waste landfill permit did not constitute a deprivation of due process where Blevins was a party to the permit *reissuance* appeal, but had failed to appeal the permit *amendment* within thirty days of its publication in the Pennsylvania Bulletin. Thus, because Blevins was not a party to the amendment proceeding, we concluded that notice of the permit amendment in the Pennsylvania Bulletin was sufficient as to Blevins and that there was no violation of due process rights.

Here, the Landowners' rights are no greater than those of Blevins, who had also filed an unsuccessful petition for allowance of appeal nunc pro tunc. Further, Section 725(a) of the Newspaper Advertising Act[5] requires publication in the Pennsylvania Bulletin of notices such as the one at issue here and in *Blevins*. Accordingly, we conclude that notice in the Penn-

---

5. 45 Pa.C.S. § 725(a).

sylvania Bulletin of the NPDES permit in this case was constitutional.

In addition, we note that 25 Pa.Code § 92.61(a) further provides that "public notice shall also be posted by the applicant near the entrance to the premises of the applicant and in nearby places...." Thus, if one missed the notice in the Pennsylvania Bulletin, subsection "a" of the regulation provides a further opportunity to learn of the permit.

In their April 15, 1992 petition for allowance of appeal nunc pro tunc,[6] Landowners alleged in great detail that they were entitled to notice more reasonably calculated to reach their attention. They never specifically averred, however, whether Stone Hedge did or did not post notice in compliance with the regulation. Thus, the Landowners have waived any concerns that Stone Hedge may have failed to post notices on the property. *McMaster v. Department of Community Affairs*, 148 Pa. Commonwealth Ct. 206, 610 A.2d 525 (1992), *petition for allowance of appeal denied*, 533 Pa. 639, 621 A.2d 583 (1993); *Pennsylvania Medical Providers Association v. Foster*, 136 Pa. Commonwealth Ct. 232, 582 A.2d 888 (1990).

In addition to arguing that notice in the Pennsylvania Bulletin was insufficient because it is a "fiction" that the public reads that publication, the Landowners contend that lower riparian landowners have a right to both the use of the waters which form the stream across their land and a right to not have those waters polluted by upper riparian owners. *Daniels v. Bethlehem Mines Corporation*, 391 Pa. 195, 137 A.2d 304 (1958). Thus, they argue that the DER's failure to afford them actual notice amounted to a deprivation of due process in that the government may not take land without actual notice. *Condemnation for Route 201*, 22 Pa. Commonwealth Ct. 440, 349 A.2d 819 (1975).

We acknowledge and respect the rights of lower riparian landowners. We note, however, that in *Condemnation for Route 201*, which involved the planning stages of a project to widen a road, this Court held that the appellants had no "right

6. (R.R. 65a—80a.)

to personal notice, as distinguished from public notice of a public project having a potential environmental impact, simply because they own real property that may be condemned in the execution of the public project." *Id.* at 447, 349 A.2d at 822.

Further, we stated as follows:

> It would be unreasonable and illogical to require, under principles of constitutional due process, that every citizen of the Commonwealth having any interest in the project is entitled to personal notice. Notice by publication is proper notice to the public and to landowners potentially affected by public improvement project.

*Id.* at 447–8, 349 A.2d at 822. Thus, we concluded that notice in the newspaper was sufficient.

We also note that 25 Pa.Code § 92.61(f), previously quoted, provides a simplified procedure for persons such as these landowners to receive personal notice of pending regulatory matters which potentially could affect streams flowing on or near their properties. We cannot say that the regulatory procedure, adopted here, is either an abuse of the DER's discretion or a violation of the Landowners' procedural due process rights.

■ We find *Condemnation for Route 201* to be analogous to this case and adopt its holding as to this fact pattern. Where, as here, the parties sat on their rights for almost six months *after* learning about the DER's issuance of the NPDES permit before filing their petition for allowance of appeal nunc pro tunc, their argument that individual notice would have made a difference lacks merit.

■ We agree with Stone Hedge that the prescribed time limits for appeals are jurisdictional and that when the Landowners failed to appeal a properly noticed administrative agency action within the prescribed time period, the Board lost the jurisdiction that it would have had for thirty days. 25 Pa.Code § 21.52.

## ABUSE OF DISCRETION IN DISMISSING THE LANDOWNERS' NPDES PERMIT APPEAL WITHOUT A HEARING:

■ The Landowners argue that the Board abused its discretion in dismissing their appeal without a hearing because 1) the DER and Stone Hedge both submitted factual matters in their efforts to get the Board to grant their motion to quash appeal and the Board seemed to accept as true these allegations without giving the Landowners an opportunity to cross-examine, rebut witnesses or produce witnesses in their favor; 2) the Landowners requested a hearing; 3) the Board assumed, without evidence, that the DER and Stone Hedge properly posted notices near the entrance of Stone Hedge's property and nearby in compliance with 25 Pa.Code § 92.61; 4) the two permit system is unreasonable and deprives them of adequate notice and of the opportunity to challenge NPDES issues in their Water Quality Management Permit appeal;[7] and 5) 25 Pa.Code §§ 21.52 and 92.61 address only proposed actions by the DER, not actions already decided.

Jurisdiction is invoked where a third-party appeal is filed within thirty days of notice in the Pennsylvania Bulletin. 25 Pa.Code § 21.52. When there are no facts at issue that touch jurisdiction, a motion to quash may be decided on the facts of record without a hearing. *See Falcon Oil Company v. Department of Environmental Resources*, 148 Pa. Commonwealth Ct. 90, 609 A.2d 876 (1992).

Here, the Board decided the motion to quash on the pertinent undisputed facts of record, which included the date and contents of the Pennsylvania Bulletin notices, the date of appeal and dates of the DER's actions. Thus, we conclude

7. In *Fuller v. Department of Environmental Resources*, 143 Pa. Commonwealth Ct. 392, 599 A.2d 248 (1991), we determined that a party's appeal of one permit did not allow it to raise issues related to permits for which it filed no appeals. In addition, the legislature has approved the two-permit process. Under the Commonwealth's Clean Streams Law, one permit regulates discharge, the other construction. 35 P.S. §§ 691.202 and 691.207. Each permit process is a separate departmental action and has separate and distinct issues. *See Fuller* and *Blevins v. Department of Environmental Resources*, 128 Pa. Commonwealth Ct. 533, 563 A.2d 1301 (1989).

that there were no facts touching jurisdiction which were at issue and required a hearing.

## BOARD'S DENIAL OF THE LANDOWNERS' PETITION TO APPEAL NUNC PRO TUNC:

25 Pa.Code § 21.53(a) provides as follows:

(a) The Board upon written request and for good cause shown may grant leave for filing of an appeal nunc pro tunc; the standards applicable to what constitutes good cause shall be the common law standards applicable in analogous cases in Courts of Common Pleas in the Commonwealth.

■ It is well established that, in administrative actions, nunc pro tunc appeals "will be allowed only where there is a showing of fraud, breakdown in the administrative process or unique and compelling factual circumstances establishing a non-negligent failure to file a timely appeal." *Falcon Oil v. Department of Environmental Resources,* 148 Pa. Commonwealth Ct. 90, 94, 609 A.2d 876, 878 (1992).

■ The Landowners argue that the Board should have granted their petition for allowance of appeal nunc pro tunc because they averred breakdown in the DER's operation. For example, they alleged that, not only was notice in the Pennsylvania Bulletin inadequate, but it contained an inaccurate description of the permitted point of discharge. Nowhere in their petition, however, do the Landowners attempt to allege why they filed their petition for permission to file a late appeal more than six months after they had actual notice of the DER's actions. Merely classifying averments as administrative breakdown does not transform them into viable grounds for allowance of an appeal nunc pro tunc.

The Landowners argue that, above and beyond the fraud and administrative breakdown test, the Board should have allowed their petition to appeal nunc pro tunc due to unique and compelling circumstances establishing a non-negligent failure to file a timely appeal. *Compare Falcon Oil Co. v. Department of Environmental Resources,* 148 Pa. Common-

wealth Ct. 90, 609 A.2d 876 (1992) (holding that non-negligent circumstances sufficient to establish grounds for allowance of a nunc pro tunc appeal were not present where the attorney's secretary mistakenly believed that service to DER was sufficient to perfect an appeal to the Board without sending it to the Board); *with Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) (holding that sufficient non-negligent circumstances for allowance of a nunc pro tunc appeal were present where a secretary's illness vitiated the office's double-check procedures).

We note again, however, that the Landowners did not file their petition for allowance of appeal nunc pro tunc until almost six months after they had actual notice of the DER's issuance of the NPDES permit. (Actual notice: November 1, 1991——Petition filed: April 15, 1992). The Board concluded that there were no non-negligent grounds in *Falcon,* even though its attorney filed the petition for allowance of appeal nunc pro tunc approximately three days after learning that it inadvertently failed to perfect its appeal with the Board. Accordingly, we emphatically decline the opportunity to judicially enlarge non-negligent justifications for nunc pro tunc appeals. *Falcon.*

For the above reasons, we affirm the Board's order granting Stone Hedge's motion to quash the Landowners' appeal and denying the Landowners' petition for allowance of appeal nunc pro tunc.

## *ORDER*

AND NOW, this 4th day of February, 1994, the order of the Environmental Hearing Board dated November 6, 1992 granting Stone Hedge's motion to quash the Landowners' appeal and denying the Landowners' petition for allowance of appeal nunc pro tunc is hereby affirmed.