**Robert EATHORNE, Petitioner**

v.

**STATE ETHICS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2008.

Decided Nov. 7, 2008.

---

Robert L. Byer, Pittsburgh, for petitioner.

John J. Contino, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Robert Eathorne (Eathorne) petitions for review of a final adjudication of the State Ethics Commission (Commission) denying his request to file an untimely filed answer *nunc pro tunc* and ultimately finding that he violated Section 1103(a) of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa.C.S. § 1103(a). Because the Commission had discretion to extend the filing deadline for good cause shown and good cause was shown, we vacate and remand the Commission's decision so that it can hold an administrative hearing.

Eathorne was a member of the Western Westmoreland Municipal Authority (Authority) from July 18, 1996, through December 2006. He also held the position of Authority Board Treasurer. On September 11, 2006, the Commission's Investigative Division (ID) received a signed, sworn complaint alleging that Eathorne violated provisions of the Ethics Act by utilizing his position as a member of the Authority to authorize the use of funds for his personal attendance at conferences and conventions. Upon review of the complaint, ID initiated a preliminary inquiry. On November 9, 2006, a letter was forwarded from ID to Eathorne informing him that a complaint against him was received and that a full investigation was being commenced. Once the investigation was completed, a "Findings Report" (titled as Investigative Complaint) was sent on November 2, 2007, to Eathorne in care of his attorney outlining ID's allegations against him and the findings made by ID as a result of its investigation. On the cover sheet of the "Findings Report" it stated in bold type the following:

**You must file an answer to the attached Findings Report which must be received by the Commission within thirty (30) days of the issuance of the Findings Report.** You must admit or deny in writing by corresponding number and letter the individual fact findings contained in the Findings Report. If you deny a finding of fact, you must state your denial plus set forth your view of the contested fact(s). Matters not specifically denied will be deemed admitted. Failure to respond or general denials will be considered a default and deemed an admission of the individual fact findings. 51 Pa.Code § 21.5(k)(1).[1]

Based on the date Eathorne received the Findings Report, he was required to file an answer on or before December 3, 2007.

Having received no answer from Eathorne, Chief Counsel for the Commission telephoned and sent a letter to counsel for Eathorne dated December 4, 2007, stating that Eathorne had failed to timely file an answer to the Investigative Complaint. The letter further explained that per the Ethics Act, 65 Pa.C.S. § 1108, and the Commission Regulations, 51 Pa.Code §§ 21.5(k) and 21.21(a), Eathorne had agreed to the findings in the Investigative Complaint and had waived a hearing. The matter would then be submitted to the Commission for disposition. In response to that letter, via fax, Eathorne filed an answer on December 4, 2007.

The next day, December 5, 2007, Eathorne filed an application for permission to file an answer to the Investigative Complaint *nunc pro tunc* alleging that the complaint was issued on November, 2, 2007; received by him on November 5, 2007; was advised that the answer was due on or before December 3, 2007; but as a result of an administrative error, counsel inadvertently calculated the date to file as December 5, 2007. Eathorne further alleged that the one-day late filing would not prejudice any party to the action. ID filed an answer and new matter to Eathorne's application first stating that the statutorily imposed appeal and response periods at administrative levels were jurisdictional and could not be extended as a matter of grace. It then argued that the application should be denied because the sole reason claimed for missing the filing deadline was a miscalculation on the part of Eathorne's attorney who advised that the error was

---

1.  51 Pa.Code § 21.5(k) provides:
  The respondent shall file a response to the findings report of the Commission within 30 days, unless an application for an extension is made to the Commission and granted for good cause shown.

based upon his mistake. Both parties submitted a position statement outlining the merits of the case.

On December 28, 2007, the Commission issued an opinion and order denying Eathorne's application to file an answer *nunc pro tunc* stating the following:

In order for a late answer to be deemed timely filed, we apply the same civil standard as is applied by the courts to untimely appeals (see, *Getz v. Pennsylvania Game Commission*, 83 Pa. Cmwlth. 59, 475 A.2d 1369 (1984) applying that standard in administrative proceedings to an untimely request for a hearing) (citations omitted). The standard is that to accept the untimely filing as if it were timely, there must either have been fraud or a breakdown in the administrative process (citation omitted) which includes the postal process (*Getz* ) or there must have been unique and compelling factual circumstances establishing non-negligent failure to file timely (citation omitted). Mere delays in the U.S. mail, even during a holiday season, are considered foreseeable and avoidable and are insufficient grounds to support an Application *Nunc Pro Tunc*. (Citation omitted.)

We reject Respondent's argument that criminal standards may be applied in this civil administrative proceeding but in any event, Respondent's right to file an Answer to the Investigative Complaint was not lost due to extraordinary circumstances.

None of the conditions for allowing the filing of a late Answer is present in this case. In fact, there has not been any allegation of fraud, any breakdown in the administrative process or the mail delivery system, or any unique and compelling factual circumstances that would establish a non-negligent failure to timely file. The only argument that has been proffered is that an Answer was not timely filed by Respondent because Respondent's attorney failed to accurately calculate the filing deadline. That argument presents no basis for allowing the filing of a late Answer. *Cf., In re Tenet HealthSystems Bucks County, LLC*, 880 A.2d 721 (Pa.Cmwlth.2005) (Counsel's reliance upon erroneous version of statute as published in *Purdon's Statutes* when determining the deadline for appeal did not justify the filing of an appeal *nunc pro tunc.*)

(Commission's December 19, 2007 Decision at 88.) The Commission also noted that its regulations allowed for the filing of an application for an extension to file an answer, but no such request was made in this case prior to the filing deadline.

The Commission then went on to determine that based on the evidence of the investigation, Eathorne had used the authority of his office for a personal financial gain in violation of Section 1103(a) of the Ethics Act when he authorized the advancement of funds from Authority coffers for his and his wife's attendance at conferences and conventions and claimed expenses in excess of those actually incurred.[2] Eathorne chose not to file a request for reconsideration, but instead filed

2. The Commission also found that Eathorne had violated the Act when he authorized the use of an Authority credit card for the payment of expenses of a personal nature for himself and his spouse while at conventions and conferences and when he authorized the advancement of payments of expenses by the Authority to himself for conferences and conventions that he did not even attend. The Commission imposed total restitution and penalties in the amount of $64,475.61 and referred the matter to the Westmoreland County District Attorney, the Pennsylvania Attorney General and the United States Attorney General for review if those agencies deemed it appropriate.

this petition for review which is now before our Court.

■ On appeal, Eathorne is challenging the Commission's refusal to grant his request to file his answer *nunc pro tunc*. He contends that because the error was corrected one day later than the deadline, the Commission should have waived the deadline because it would have been the equitable thing to do. He compares the proceeding before the Commission to opening a default judgment under Pa. R.C.P. No. 237.3(b) [3] where the untimely pleading will be accepted if the party acted with reasonable diligence in attempting to cure the pleading error; the failure to timely plead can be reasonably explained; and a meritorious defense to the underlying claim exists.

The Commission, however, argues that even if it applied the wrong standard, it is an administrative agency's decision to enforce statutorily imposed pleading deadlines, a matter solely within the agency's discretion that will not be disturbed absent an abuse of discretion, and it did not abuse its discretion when it did not allow the filing.

Section 1108(e) of the Ethics Act, 65 Pa.C.S. § 1108(e), specifically sets forth the requirement that Eathorne was to follow regarding the investigation undertaken by ID. It provides:

(e) Findings report. The commission, upon the completion of an investigation, shall issue a findings report to the subject of the investigation setting forth the pertinent findings of fact. The subject shall have the right to respond to said findings and to request an evidentiary hearing on said matter. The commission shall grant any request for a hearing.... Any response to the findings report must either admit or deny by corresponding number and letter the pertinent facts set forth. The subject of the investigation shall have access to any evidence intended to be used by the commission at the hearing and any exculpatory evidence developed by the commission in the course of its investigation. Matter not specifically denied in the response shall be deemed admitted. **The response must be filed within 30 days of the issuance of the findings report unless the time period is extended by the commission for good cause shown.** Hearings conducted upon request shall be instituted within 45 days after the filing of the response. (Emphasis added.)

Similarly, the regulations found at 51 Pa.Code § 21.5(k) also require that a response to the findings report be filed within 30 days unless an application for an extension is made to the Commission and it is granted for good cause shown. There is no dispute that an extension prior to the request for *nunc pro tunc* relief was not requested by Eathorne's counsel. The issue before us is whether the Commission had discretion to grant Eathorne's request to file an answer *nunc pro tunc*, another type of an extension, and what standard should apply.

■ The "good cause" standard the Commission articulated in its decision was a standard for granting untimely **appeals** in a judicial or administrative setting, also known as a jurisdictional standard. Under that standard, *nunc pro tunc* appeals "will be allowed only where there is a showing of fraud, breakdown in the administrative process or unique and compelling

3. Pa. R.C.P. No. 237.3(b) provides:
   (b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

factual circumstances establishing a non-negligent failure to file a timely appeal." *Grimaud v. Department of Environmental Resources,* 161 Pa.Cmwlth. 647, 638 A.2d 299, 303 (1994). That standard was incorrectly applied because no appeal was at issue. What was at issue was a request to file a late answer. In such a situation, the correct standard that should have been applied was a "civil standard," not as described by the Commission in its decision when it stated that it was using "the same civil standard as applied by the courts to untimely appeals in administrative appeals," but a civil standard such as that which is applied to deadlines for civil actions under the Pennsylvania Rules of Civil Procedure because the Investigative Report was essentially the same as a complaint. This is so because the Investigative Report contained allegations of wrongdoing and was not a final determination or any determination of wrongdoing by Eathorne. No response, notice and hearing had yet occurred.

■ Section 1108(e) of the Ethics Act specifically provides that the "good cause shown" standard controls untimely filings of answers to Investigative Reports rather than the breakdown of the judicial process standard as used in judicial appeals *nunc pro tunc.* Section 1108(e) does not state that the "good cause" must be "shown" prior to expiration of the 30–day response period in order for an extension to be granted and, therefore, there was no need for Eathorne to invoke the *nunc pro tunc* fiction, which applies only where the applicant has missed a filing deadline. In such a case then, the Rules would be liberally construed, and the Commission would have had the discretion to disregard any procedural error that did not affect the substantive rights of the parties, including whether the untimely filing should be allowed, especially if neither party would be prejudiced. Just like when determining whether to open a default judgment, if the failure to timely file can be reasonably explained and the party has acted with reasonable diligence in attempting to cure the error, the petitioner should not lose his or her right to be heard and his or her day in court. *See Commonwealth v. Nemeth,* 497 Pa. 580, 584, 442 A.2d 689, 691 (1982) (Supreme Court opened default judgment seven months after deadline for defendant to answer complaint because failure to plead was caused by counsel; "Errors of counsel ..., which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment.")

In this case, Eathorne explained that his counsel was one day late in filing his answer to the Investigative Complaint due to an administrative error. Despite this explanation, the Commission did not find it acceptable and did not find that Eathorne had acted diligently to cure the error. Because good cause was shown for the late filing and there was no prejudice to the opposing party, Eathorne is not to be denied his right to file a *nunc pro tunc* answer to the Investigative Complaint and for the Commission to hold a hearing on the matter. The Commission is also to provide Eathorne with all documents obtained during its investigation upon request.

Accordingly, the order of the Commission is vacated, and the matter remanded to the Commission to accept Eathorne's answer and to hold a hearing on the merits.

### ORDER

AND NOW, this 7th day of November, 2008, the order of the State Ethics Commission, dated December 28, 2007, is vacated, and the matter remanded to the

Commission to accept Eathorne's answer and to hold a hearing on the merits in accordance with this decision.

Jurisdiction relinquished.